W. B. FLOYD v. J. P. WIGALL, ET AL.

**Tax Sale.**

Where a title derived from tax sale fails because the statute was not followed in making the levy and sale, the court may legally adjudge that the purchaser acquires a lien on the real estate for the amount of his purchase.

**Title from Tax Sale.**

One who relies upon a title procured through a sale for taxes must show that all the steps prescribed by the statute have been followed in every particular. Nothing will be supplied by intendment, and the fact that the statutes have been pursued must appear upon the face of the proceedings, or no title will pass.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

November 21, 1877.

OPINION BY JUDGE COFER:

Section 3 of an act to amend Chapter 83 of the Revised Statutes, approved March 28, 1872, provided that if there were no personal property which the sheriff or tax collector could distrain for taxes due, and the person owing the same should fail to make payment by the first day of November, the sheriff or tax collector might levy on any real estate belonging to such delinquent tax-payer, and sell so much thereof for cash in hand as would pay the taxes due and his commissions, in the same manner in which lands were sold under execution, except that the land need not be valued; that the sheriff or collector should give to the purchaser a certificate of purchase, containing a description of the land purchased and stating the price; and that the sheriff should return a report in writing to the county court clerk's office within twenty days after such sale, showing when the sale was made, to whom, for what price, and giving a description of the land sold as fully as he was able to do, which report the clerk was required to record in a book to be provided by him for that purpose. That section also provided that the owner of real estate sold under its provisions, his representatives or assigns, might redeem the same within two years, but that persons under disabilities should have two years after the removal of their disabilities within which to redeem, provided that the committee of a person of unsound mind should be allowed only five years in which to redeem, or two years after notice in writing by the purchaser.

Under that statute the sheriff of Henderson county, on the 27th of January, 1873, sold one town lot described as "in the lower part of Henderson, Ky., the size of which is unknown to me, for the purpose of enforcing the payment of certain taxes due to the commonwealth from the estate of Jas. S. Fruit, deceased, the owner of said estate for the year 1870; and W. B. Floyd, being the highest bidder, became the purchaser of said property at the price of $86.12, which he paid in cash."

On the 8th day of May, 1875, the appellant brought this suit against the appellees to recover the possession of a lot, which is described in the petition, and alleged to be the same purchased by him at said tax sale. It was alleged that on the 10th day of January, 1870, the lot belonged to "the estate of Jas. S. Fruit," and "that the estate of said Fruit owed the commonwealth taxes for the year

1870, for which taxes the sheriff of Henderson county did, on the 27th day of January, 1873, sell said lot of ground to the plaintiff for the sum of $86.12." It was also alleged that the appellees, in December, 1870, bought said lot from "the estate of said Fruit" and were in possession, claiming it as their own. The certificate of purchase was filed with the petition.

The appellees denied that any taxes were due from the estate, of Fruit, or that the lot sued for had been sold by the sheriff for taxes, and averred that if the sheriff attempted to make such a sale he did so without authority. Some evidence was introduced tending to prove that the lot in contest was offered for sale by the sheriff and stricken off to the appellant, but there was no attempt to show that any tax had been assessed against the "estate of Jas. S. Fruit" for the year 1870.

The court adjudged that the attempted sale did not invest the appellant with title, but that he had a lien on the lot for the amount paid to the sheriff, and from so much of the judgment as determined adversely to. his claim of title this appeal is prosecuted.

Unless taxes were due, of course the sheriff had no power to sell under any circumstances, and as it was distinctly denied that any were due, it was incumbent upon the appellant to show, at least, that an assessment had been made. It is questionable whether, if an assessment were made as alleged by the appellant, it was not invalid. The law requires property to be assessed for taxation in the name of the owner; "Jas. S. Fruit's estate" was not the owner of any property. At Fruit's death his personalty passed to his personal representative, and his real estate to his heirs or devisees; the personal estate should have been assessed in the name of his personal representative and the real estate in the names of those who held the title.

But whatever may be the proper construction of the act as to the taxes for which the sheriff was authorized to sell, and whatever the effect of assessing property as belonging to a nonentity, the sale must be held void upon other and less technical grounds. It is not alleged and there is nothing in the record even conducing to show that the lot was ever levied upon or advertised, and the certificate fails to give any description of it whatever, except that it lies in the lower part of the city of Henderson. No witness, however well acquainted with the lot, can identify it from anything contained in the certificate. The officer could not describe it, and consequently we must assume that he did not know what lot he was selling. He

could not advertise it, and bidders could not know what was being sold. Such a sale, even under execution, would be void. In making out title under tax sales it is necessary to show, step by step, the action of the sheriff; nothing will be supplied by intendment. The course prescribed by law must be strictly pursued, and that it was so pursued must appear upon the face of the proceedings, or the power is ill executed and no title will pass. Blackwell on Tax Titles, pp. 39, 60-65.

Such proceedings are summary and ex parte. The statute is the warrant of authority, and the mode in which it directs that the authority granted shall be exercised must be followed in every particular that can be said to have even a semblance of benefit to the owner of the property. The levy must contain a description of the property. The owner has a right to demand that the particular piece to be sold shall be ascertained, that he may not be exposed to the hazard that property not levied upon may be substituted by parol evidence for that which was. He has a right to object that it does not appear that it was advertised. If it had been, a less quantity might have sufficed.

Other reasons might be assigned, but these are sufficient to show that the alleged sale under which the appellant claims was already void, and it is needless to pursue the subject further.

Judgment *affirmed*.

*H. F. Turner, for appellant. Clay & Coleman, for appellees.*