Case 94.—SUIT BY JAMES MUIR'S ADMINISTRATORS TO EN-
JOIN THE CITY COUNCIL OF THE CITY OF BARDS-
TOWN FROM PASSING ON A QUESTION OF PLAINTIFFS'
LIABILITY FOR TAXES ON OMITTED PROPERTY.—
June 15.

## Muir's Adm'rs v. City of Bardstown.

Appeal from Nelson Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Judgment for defendant. Plaintiffs appeal. Af-
firmed.

Taxes — Omitted  Property — Ordinances — Assessment — Retro-
spective Taxation — Validity — Penalty — Appeal — Failure to
Provide—Acts of City Council—Ministerial—Judicial—Publi-
cation of Ordinances—Notice—Presumption.

1. Taxes—Omitted  Property — Ordinances — Assessment — Under
sub-sec. 3, sec. 3637, and sec. 3644, Ky. Stats., cities of the
fifth class have an express grant of power to levy and collect
ad valorem taxes on all property within the city not exceed-
ing 75 cents on the $100 of its assessed value, and to pro-
vide a system of taxation and assessment, and no system
of assessments is complete or just that fails to provide for
listing omitted property.
2. Retrospective Taxation—Validity—Penalty—The fact that an
ordinance of a city of the fifth class for the collection of a
tax on omitted property is retrospective does not render it
invalid, but to the extent that it imposes a penalty it is void.
3. Same—Appeal—No provision for—Effect—The fact that such
ordinance does not provide for an appeal does not invalidate
it, but if the assessing tribunal acts without warrant of law,
or assesses to the taxpayer property that did not belong to
him, or if for any reason the taxpayer is not legally liable
to pay the tax, the courts are open to him notwithstanding
the assessment.
4. Acts of City Council—Ministerial—Judicial—The act of a city
council in assessing omitted property is purely ministerial
although it has mixed certain discretion as to finding values
and the like, which is not reviewable, and which quality is
sometimes called judicial.
5. Publication of Ordinance—Notice—The fact that Ky. Stats.,

sec. 3638, requires that all ordinances be published, it does not follow that it would devolve upon the city, when its tax levy ordinances are called into question, to prove that they had been published. The presumption of law that public officers have done their duty applies, and it is upon the one attacking the ordinance to show affirmatively and satisfactorily that it has not been published.

NAT. W. HALSTEAD for appellant.

R. L GREENE, ELI H. BROWN, JR., and JOHN D. WICKLIFFE of counsel.

1. The pretended tax ordinances attempting to make the tax levies for the years for which said assessments are proposed to be made are each and all of them illegal, unauthorized and void, for the reason they were never published at all. ·

2. Said ordinances attempting to levy said tax, upon which it is proposed to base said assessment, are illegal, unauthorized and void, for the reason that they do not specify distinctly the purposes for which said taxes are levied.

3. The ordinances under which appellees are assuming to act in the trial of this case were published, and attempted by that publication to be put in force some six months after the death of James Muir; that said pretended ordinances, by reason thereof, are retrospective in their language and ex post facto in their character, are void.

4. Appellee, the city council, has no right or authority in law to maintain or prosecute said proceeding as against these plaintiffs, as administrators, to assess said property as against said estate, or to make said assessment, or enter or make any judgment whatever as to said matter, because said city council is distinctly a legislative body, and not a judicial or ministerial one, and has none of the power or authority of the judiciary whatever.

5. The proper remedy against a municipal corporation for attempting to exceed its authority and power is by injunction.

6. A court of equity in granting an injunction is not confined to the grounds of relief specified in the Civil Code of Practice, but has the power to grant relief upon other well-recognized grounds of equity jurisdiction, not specified in that Code; and has the power to enjoin and restrain an illegal assessment.

7. The curative ordinances passed by appellee city just before the submission of this case should not be permitted in this case, and should not have been permitted to be filed by the trial court, nor permitted in any way whatever to control or have a part in the determination of this controversy.

Muir's Adm'rs v. City of Bardstown.

8. We respectfully insist and submit that these ordinances passed in May, 1903, are wholly invalid, for the reason that they were not passed as required by the charter, and we submit and respectfully insist that none of these tax ordinances, either the original ordinances or those of May, 1903, for the years 1895 to 1900, inclusive, are legal, and respectfully submit that all of them are wholly invalid and void for the reason that none of them were passed at a regular meeting, such as is required by the charter of appellee city.

9. A city ordinance is a law, and it must be passed at a regular meeting of the city council of the city passing such ordinances in order to make it a valid law.

10. Ordinances levying taxes and imposing duties on citizens' are to be construed most strongly against the government and in favor of the citizen, and their provisions are not to be extended by implication beyond the clear import of the language used, or to enlarge their operation so as to embrace matters not specially pointed out, although standing upon a close analogy.

11. The provisions of the charter with reference to the passage of ordinances are mandatory as to the municipality.

### AUTHORITIES CITED.

Ky. Stats., secs. 3653, 3638; Dillon Munic. Corps., 4th Ed., secs. 331, 309; City of Covington v. Ludlow, 1 Met., 295; City of Louisville v. McKegney, &c., 7 Bush, 653; Const. of Ky., secs. 180, 109, 143; Ky. Const., Bill of Rights, sec. 19; 2 Duvall, 480; Judge Story on the Constitution, 5th Ed., sec. 1345; Olds v. Commonwealth, 3 A. K. Mar., 467; Roberts v. Hackney, 22 Ky. Law Rep., 975; Cassady, Auditor's Agent v. Young, County Judge, 92 Ky., 232; Louisville Water Co. v. Clark, Sheriff, 14 Ky. Law Rep., 886; Pottinger v. Stevens, &c., 14 Bush, 327; Gates v. Barrett, &c., 79 Ky., 296; Baldwin v. Shine, Presiding Judge, &c., 84 Ky., —; Tweatt v. Bank of Hopkinsville, 81 Ky., 8; Allison v. Lou., Harrod's Creek & Westport R. W. Co., 9 Bush, 254; Gaines v. Gaines, &c., 9 B. Mon., 300; McQuillan on Municipal Corporations, vol. 1, Ed. 1903, secs. 503, 511 and 502; 5 Ky. Law Rep., 613, 865; 7 Ky. Law Rep., 165; 6 Ky. Law Rep., 525; 4 Ky. Law Rep., 258, 753 and 838.

R. C. CHERRY for appellee.

### POINTS AND AUTHORITIES.

1. Cities of the fifth class of Kentucky have the power, and it is the duty of the city council of such cities, to enact an ordinance providing a complete system for the assessment, levy and

collection of all municipal taxes, and when such an ordinance provides for the assessment of property omitted, same is not ultra vires or void. (Ky. Stats., secs. 3655, 3656, 3644, 4241; sec. 181, Ky. Const.)

2. An ordinance which provides a system for the assessment of property omitted does not impose a new or additional obligation against the citizen, which did not already exist, but such obligation is a subsisting liability, in nowise dependent upon assessment. (Board of Council of Frankfort v. Mason & Ford Co., 100 Ky., 54; Elliott v. City of Louisville, 19 Ky. Law Rep., 414; Marion County v. L. & N. R. R. Co., 91 Ky., 393.)

3. The city council in making an assessment of property omitted from taxation does not exercise a judicial power, which, under the law, it has no authority to exercise, but performs merely a ministerial duty. (Baldwin v. Shine, 84 Ky., 513; Pennington v. Woolfolk, &c., 79 Ky., 13; Ky. Stats., secs. 3542, 3637.)

4. The fact that there is no appeal provided for from the action of the city council making an assessment under the ordinance does not affect the validity of the ordinance, the right of appeal being merely statutory. (Paducah St. Ry. Co. v. County of McCracken, 20 Ky. Law Rep., 1295.)

5. Presumption of regularity is extended to the acts of public officers and public records; and when an ordinance is attacked and its validity questioned because of alleged irregularities in form, and otherwise, the burden of proof is on one who questions their regularity. (Jones' Law of Evidence, vol. 1, secs. 39 and 40; same, vol. 2, secs. 526 and 527; Marion County v. Wilson, 20 Ky. Law Rep., 1193; Henning v. Stingel, 68 S. W. Rep., 41; Mason, Ford & Co. v. Board of Council of Frankfort, 100 Ky., 55; Thompson Com. of the Law of Cor., vol. 3, sec. 3927; 21 Amer. & Eng. Ency. of Law, 957 and 978; Bell's Trustee v. City of Lexington, 85 S. W. Rep., 1081; Dillon's Munic. Cor., vol. 1 (4 Ed.), sec. 294.)

6. Because a part of an ordinance is invalid does not render the entire ordinance void; but if the whole ordinance is invalid, then it could not repeal the 1899 ordinance, and same is in full force and effect. (21 Amer. & Eng. Ency. of Law, 1001; 21 Amer. & Eng. Ency. of Law, 993; Dillon's Munic. Cor., vol. 1 (4 Ed.), sec. 333; St. Louis v. Foster, 52 Mo., 513.)

7. The petition, and same as amended, fails to state a cause of action, and the demurrer should have been sustained. (10 Ency. of Plead. & Prac., 927, 932; Newman on Plead. & Prac.; Ludlow v. City of Ludlow, 19 Ky. Law Rep., 1383; City of Louisville v. Hyatt, 2 B. Mon., 180; McNulty v. Toope, &c., 25 Ky. Law Rep., 433; Bell's Trustee v. City of Lexington, 85 S. W. Rep., 1083; Commonwealth, For, &c. v. Williams, 27 Ky. Law Rep., —.)

8. Even though the city council has by inadvertance or neglect failed to make a proper tax levy, still the city is not without remedy, but it may subsequently do so, even while a suit is pending, which questions the validity of same. (Cooley on Con. Lim., 5 Ed., 279; Levi v. City of Louisville, 97 Ky., 394; City of Somerset v. Somerset Banking Co., 22 Ky. Law Rep., 1129; City of Pineville v. Burchfield, 19 Ky. Law Rep., 985.)

9. The appellant failing to regard the statute requiring the validity or constitutionality of all ordinances to be tested by writ of prohibition, he has no right to maintain this action. (Ky. Stats., sec. 3639; Bybee v. Smith, 22 Ky. Law Rep., 467, 1684.)

10. The minutes of the council reciting that the ordinances in question were passed at a regular meeting, the burden is on appellant to show that it was not a regular meeting. (21. Amer. & Eng. Ency. of Law, 957 and 978; Thompson's Com. Law of Corporations, vol. 3, sec. 3927; Dillon Munic. Cor., vol. 1 (4 Ed.), sec. 333; Same, vol. 1, sec. 314.)

OPINION BY JUDGE O'REAR—Affirming.

Dr. James Muir, before his death, in February, 1900, had been for many years a citizen and resident of Bardstown, which is a city of the fifth class. He had omitted to list cash, notes and securities of the value of $14,000 for each of the years 1895, 1896, 1897, 1898, 1899 and 1900, inclusive. The taxpayer was required to list his property for taxation with the town assessor as of the 15th day of September of the year previous to the one for which the tax was collectible. For example, the property owned on 15th of September, 1899, being listed as of that date for city taxes for the year 1900. There was no provision of law in Bardstown for listing omitted properties prior to August, 1900. The council then passed an ordinance providing that upon affidavit filed before the city clerk by the city marshal, who was the collector for the city, the clerk was to issue a summons. or notice to the property holder, citing him to appear five days thereafter before the city council and show cause why his omitted property (named in the notice)

should not be listed for taxation for such years for which it was omitted. The ordinance further provided that upon the filing of such affidavit, and after the notice had been given as stated, the city council should determine from the facts whether the property was liable to taxation, and fix its value. This being done, the tax levy made previously for the year in question should apply to the omitted property. The result was certified to the city marshal, who was then to proceed to collect the tax, as other taxes. This suit was brought by Dr. Muir's administrators, seeking to enjoin the city council from passing upon the question of plaintiff's liability for the tax, it having proceeded, under the ordinance alluded to, to assess Dr. Muir's omitted property retrospectively for the years named above. The ordinance under which the appellee was proceeding was attacked on constitutional grounds, and for other reasons, which will be noticed in order.

It is claimed that the city council had not the power to pass the ordinance in question, because it is not to be found—so it is argued—in the powers expressly granted to cities of the fifth class by the Legislature. By sub-sec. 3 of sec. 3637, Ky. Stats., 1903, cities of the fifth class are empowered to levy and collect annually an ad valorem tax, not exceeding 75 cents on the $100 of the assessed value of all real and personal property within such city. By sec. 3644 the council is given the power, and it is made its duty, "to provide by ordinance a system for the assessment, levy and collection of all city taxes, not inconsistent with the provisions of this chapter (chap. 89, title "Municipal Corporations"), which system shall conform, as nearly as the circumstances of the case may permit, to the provisions of the laws of this State in reference to the assessment, levy and collection of State and

county taxes, except as to the times for such assess-
ment, levy and collection, and except as to the of-
ficers by whom such duties are to be performed."
The ordinance in this case conforms in principle and
language to sec. 4241, Ky. Stats., 1903, regulating
proceedings for listing omitted property for county
and State taxation. The points of divergence be-
tween the proceedings are, in the case of county and
State taxes, the tribunal to list is the county court,
while as to city taxes it is the municipal council. In
the county court proceeding an appeal is provided
from the judgment deciding that the property is
liable to taxation. None is provided in the ordinance.
Secs. 3637, 3644, Ky. Stats., 1903, above alluded to,
contain an express grant of power to the city to levy
and collect ad valorem taxes, within the maxium rate
named, and to provide a system of taxation and as-
sessment. No system of assessment is complete
or just that fails to provide for listing omitted
property, for, when some property liable to tax-
ation is omitted, and if permitted to escape its
share of the burden of government, other prop-
erty that is assessed must bear more than its
just proportion. The city council, in enacting ordi-
nances, exercises a legislative function delegated to it
by the State Legislature. It can enact laws to be
in force within the municipality, and within the pow-
ers delegated, or those necessarily implied, as bind-
ing in every respect as if done by the General As-
sembly of the State. The ordinance in question,
when properly passed by the city council, and found
to be within the delegated power granted to the
council, is to be tested as an act of the Legislature.

This brings us to consider the next objection to the
ordinance, which is, that it is "retroactive and an ex
post facto law." To the extent of the penalty, it is

void. The circuit court so held, and did not enforce the penalty in this case. But as the remainder of the ordinance, unless it is also an ex post facto law, can be enforced without the rejected clause, it is not void on that account. The liability to pay taxes is statutory, always, although the moral obligation upon every citizen to bear his share of the burden of government exists inherently. It is from that fact that the courts uphold tax levies, even though it be shown that no direct benefit flows to the individual taxpayer. The comprehensive scheme of government, viewed as a social pact, while it may not in fact give equal benefits to every taxpayer, is, on the whole, deemed to do so, and, it is believed, does so, as far as is practicable. The citizen who is protected in the enjoyment of life, peace and pursuit of happiness by the laws and laws' machinery must bear a fair proportion of that which he, in common with all others, enjoys. He has received the consideration, and ought to pay for it. When he fails to pay he is, in a sense, morally derelict. Statutes enacted to collect the public dues, if deficient, can not be deemed to have exhausted the power lodged by the people in their government to do all that is necessary to effectuate the end for which it was established. Hence it occasionally becomes necessary, for some cause, to cure what has been attempted under the taxing laws, but which has failed of execution because of former defects. From the very nature of the case, such proceedings, whether by a new statute or under an old one, are retrospective. They are intended to be.

Judge Cooley, in his work on Taxation, at p. 291, says: "The basis of an apportionment of taxes may as lawfully be retrospective as the reverse; that is to say, it may as well have regard to benefits theretofore received as to those which may be received there-

after. It has therefore been very properly held that there is no constitutional or other legal objection to the levy of taxes to pay for municipal improvements which had been previously made.''

But this proceeding is not, properly speaking, the initial levying of a tax, to act retrospectively. The tax was levied in advance. It was made a charge upon ''all property subject to taxation'' within the city. By omission of the taxpayer or of the assessing officer, some of the property liable to the tax was not assessed. This ordinance was intended to cure that omission. From its nature it is essentially retrospective. That it was also retroactive, and was so intended, is manifest from the language of the ordinance, as well as from the state of evils which it sought to correct. It is in no sense an ex post facto law, aside from the penalty added, which has already been discussed. The taxpayer was liable originally to pay the tax. This ordinance did not create any liability whatever. It merely provided a method for enforcing an old one. A tax is not a punishment, as some people seem to think. The ordinance does not make any act illegal which was legal when done, nor does it impose a liability for doing or omitting to do an act for which, when done or omitted, there was no liability. That no appeal was allowed by the ordinance does not invalidate it. Whether an appeal or provision for review of assessments be allowed when one hearing is given to the taxpayer is a matter altogether of legislative discretion. If the assessing tribunal acts within its jurisdiction, it seems that, though erroneous, it is thought best that it should end there, rather than tie up indefinitely the administration of government at repeated complaints of the taxpayer, which, after all, would have to be finally decided by somebody. It is likely that the tribunal

nearest to the taxpayer is generally most competent to pass upon the justness of his complaints. If, on the other hand, the assessing tribunal acts without warrant of law, or assesses to the taxpayer property that did not belong to him, or if for any reason the taxpayer is not legally liable to pay the tax, the courts are open to him, notwithstanding the assessment.

The next objection to the ordinance is that by it the council has conferred upon itself jurisdiction of a judicial nature, which violates the constitutional limitations upon the part of the Legislature to create any judicial tribunals other than the courts expressly named in that instrument. In assessing omitted property, the act partakes somewhat of ministerial and somewhat of judicial or quasi judicial functions. That is to say, the act in listing the property for taxation is clearly a ministerial act; and, as an incident, it finds the fact whether the property was in fact omitted, whether it belonged to the alleged recusant taxpayer, and what its fair value then was. To hear evidence, and therefrom to find, whether a certain fact was or was not, partakes of judicial functions. Still, it is not necessarily judicial, in the sense that it is an act of a court. Many ministerial acts include in part the determination of pre-existing facts, and the exercising of the quality of judgment sometimes called "discretion" with respect thereto. For that matter, the town assessor does precisely that thing, or may do so, in every instance where he assesses property. It is not believed by any that he is a judicial officer because of that fact. The county court clerk, in admitting a deed to record, proven by the oaths of attesting witnesses, does the same. The State Board of Valuation and Assessment, in assessing corporate franchises, and the Railroad

Commissioners, in assessing corporeal property of the railroads, do the same. Election officers, in passing upon the rights of an applicant to vote, also exercise these functions. They are in the nature of preliminary inquiries to put the officer in possession of the facts indicating whether or not he must 'act officially, and how. They are all subject to collateral attack when subject to attack at all. But the finding or judgment of a court having jurisdiction of the cause is essentially different. There must generally be two or more litigants. An issue of law or fact must be joined by them, within the jurisdiction of the tribunal with respect to property or some personal right in which the litigants are interested. Its conclusion must be binding upon the parties until reversed or set aside in the manner provided by law for opening up judgments of courts. To hear evidence, to swear witnesses, to impanel a jury if the case admits of it, to punish for contempt, to compel parties and witnesses to attend, and finally to enter a judgment settling the matter in dispute, are the distinguishing features of a court of judicature. Master commissioners---commissioners to condemn rights of way for railroads and other purposes---are not courts, nor are assessing officers, boards of review, or of equalization of assessments. The action of the council in assessing omitted property is purely ministerial, although it has mixed certain discretion, as to finding values, and the like, which is not reviewable, and which quality is sometimes called "judicial," though it is not judicial in the sense that it is the act of a court.

Another objection to this proceeding is that the various levy ordinances for the years in question had not been published in the manner required by the statute, and that therefore the ordinances were void.

Sec. 3638, Ky. Stats., 1903, provides: "Every ordinance shall be signed by the mayor, attested by the clerk, and published at least once in a newspaper published in such city, or written or printed, and posted in at least three public places therein, and shall be in force from and after the publication thereof."

Whether the ordinances laying the levy for each of the years were published at the time does not appear. From this it is argued that they are invalid. If they were not in fact published, that seems to follow. (Bybee v. Smith, 61 S. W., 15, 22 Ky. Law Rep., 1684.) But it does not follow that it devolves upon the city, whenever its tax levy ordinances are called into question, to prove that they had been published. The statute was aimed to apprise the taxpayers and others of the local enactments of which they should take notice. It was not intended, though, to take anything from the city government, or to make its ordinances less stable or certain. If, years after an ordinance was passed by the council, signed by the mayor, attested by the clerk, and spread at large upon the city's record book, thereby importing a legal enactment, it were incumbent upon the city to prove in every case where the ordinance was sought to be enforced, or was defended under, that it had also been published, then the longer an ordinance had stood upon the record book, and the longer it had been applied and lived under, the weaker it becomes, for manifestly each year it would be harder to prove that it had been published. As publication by posting a written or printed copy was as good as by insertion in a newspaper, by deaths, removals and forgetfulness of witnesses it would in time be impossible to establish the validity of a town ordinance. We think the presumption of law that public officers have done their duty applies here, and that it is upon one

attacking such ordinance to show affirmatively and satisfactorily that it had not been published. After a long lapse of time, the presumption of publication, where it has never been called in question, and the ordinance has been acted on in the meantime, would be conclusive. In addition, the city council re-enacted the ordinances and published them. This would cure the defect of not publishing them originally if they were not published then. (Levi v. Louisville, 97 Ky., 194, 16 Ky. Law Rep., 872, 30 S. W., 973, 28 L. R. A., 480; City of Somerset v. Somerset Banking Co., 109 Ky., 549, 60 S. W., 5, 22 Ky. Law Rep., 1129.)

An ordinance of the city made the second Tuesday in each month the regular time of meeting of the council. The principal ordinance involved in this suit was passed at a meeting held on the second Tuesday in the month. Appellant contends that the first Tuesday was the day fixed for the regular meetings. The printed volume of the city's by-laws shows the first Tuesday as the regular meeting date. But it is conclusively shown that this was a typographical error. The original record book shows that it was the second Tuesday. The caption of the proceedings of the meeting and of many previous meetings showed that the council met on the second Tuesday, and that it was the regular date for the meetings. The time of meeting stated in the ordinance had become also a custom, well known. It is not claimed that appellant or any one else was misled by the error. Nor does it appear to us to have affected the case.

Appellee prosecutes a cross-appeal because the court did not adjudge it to recover the taxes for the year 1895, and refused to adjudge the penalty of 20 per cent. imposed by the ordinance, and refused to

adjudge appellee its costs. For the year 1895 the taxes were "a liability imposed by statute," and were barred by limitation, the five-year statute applying and having been pleaded. The penalty has already been discussed. The costs were refused upon the idea that the city did not show itself entitled to recover until it had passed curative ordinances since the suit has begun. While the last proposition is not so clear, yet we are satisfied, upon the whole, that substantial justice has been done by the judgment.

Wherefore it is affirmed both upon the original and cross appeals.

Petition for rehearing by appellants overruled.