## Commonwealth et al. ex rel. Martin, Com'r of Revenue, v. Union Labor Temple et al.

June 23, 1939.

As Extended on Rehearing Sept. 29, 1939.

Thomas A. Ballantine, Acting Judge.

. Laurence S. Grauman and Robt. L. Sloss for appellants.

Cary & Abell and Gordon, Laurent, Ogden & Galphin for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The Union Labor Temple of Louisville being delinquent in its state and county taxes assessed against its property for the years 1929, 1930, and 1931, the property was sold for taxes by the sheriff for each of the three years and purchased by the sheriff on behalf of the Commonwealth and Jefferson County. The amount of the taxes, interest and penalties for each of the three years is somewhere between $1,200 and $1,400

In the early part of this year, the commonwealth and Jefferson County filed this action, seeking to adjudge each of the tax sales declared invalid and to be adjudged a lien on the property as provided by Section 4036, Kentucky Statutes. The Commonwealth Life Insurance Company, as the holder of the first mortgage on the property, and the Louisville Trust Company, as the holder of the second mortgage, were named defendants. The Union Labor Temple offered no defense, but the two lien holders raised the question by answer that the lien was barred by limitation. The trial court, being of the opinion that the action was barred, overruled the appellants' demurrer to the answer, whereupon the appellants declined to plead further and the petition was dismissed. This appeal follows.

We thus have presented for decision the single narrow question as to whether the right of the Commonwealth to have declared invalid a tax sale and to be adjudged a lien as provided by Section 4036, Kentucky Statutes, is barred by limitation five years after the invalid sale.

Section 4036, Kentucky Statutes, originally enacted in 1906, provided that whenever any person should purchase property sold for delinquent taxes and the sale was set aside, the purchaser should have a lien on the property for the amount of taxes and costs paid by him with interest, which could be recovered from the owner

of the property. This section was amended by act of 1934 by adding thereto the following language:

"Such lien may be enforced against such property by action as are other liens, at any time after the invalid sale but prior to the expiration of the lien by reason of limitation, whether the purchaser be the Commonwealth of Kentucky and other taxing districts or any other person, firm or corporation."

The 1938 1st Special Session of the General Assembly enacted House Bill A-42, c. 21, Section 6 of which is now Section 4154-1, Kentucky Statutes, Supp. 1939, which provided in substance that when the Commonwealth had reason to believe any sale made by the sheriff or collector under Section 4149 of the Statutes was, for any reason, invalid, such invalidity might be alleged in a proceeding to establish the lien provided for in Section 4036, Kentucky Statutes, above mentioned. The concluding paragraph of this section, 4154-1 Kentucky Statutes, Supp. 1939, is as follows:

"No proceeding should be instituted on behalf of the Commonwealth to establish the lien provided for in Section 4036, Carroll's Kentucky Statutes, 1936 Edition, until after the expiration of the time which must expire before proceedings to recover possession can be instituted."

The trial court, in arriving at the conclusion that the tax lien was barred by limitation after the expiration of five years from the date of the invalid sale, was governed by what he considered to be the legislative intent back of the above mentioned sections of the Statutes, 4036 and 4154-1, when taken in connection with 4021a-1, which provides as follows:

"No action or other proceeding for the enforcement of any lien for taxes or for recovery of possession of any property which has been sold for taxes shall be maintained unless such action or proceeding is commenced within five years from the date on which said taxes became in arrears."

He was of the opinion that the 1934 amendment to Section 4036 above quoted provided a limitation of five years after the invalid sale on the enforcement of the tax lien, and that it was the purpose of the 1938 Act to remove this limitation, but we have reached the conclusion that the trial court misconceived the intention back of these enactments.

In determining legislative intent back of an act, the best criterion is to ascertain the purpose motivating its enactment. The purpose back of Section 4154-1 may be determined by a consideration of conditions making its enactment necessary, some of which are:

(1) Since 1906, the statutes have required the sheriff to sell land in satisfaction of delinquent taxes and to bid it in for the state and county if there be no other purchaser, and such statutes have always given the owner a right to redeem his land within a certain time, but have always contemplated that the purchaser would be entitled to possession of the land after the expiration of that time, the time allowed for redemption and possession being modified from time to time.

(2) Section 4151-2, Kentucky Statutes, prior to its amendment in 1932, when considered with Section 4153, provided that in 50 days after the sale, the county attorney should give notice to the owner of land purchased by the state and county, and if not redeemed in 30 days thereafter, he must institute a proceeding for recovery of possession of the land. The owner, however, could redeem by paying taxes, interest and penalty at any time within two years or prior to the sale of the land by the revenue agent.

(3) After the amendment of Section 4151-2, the owner of the land was guaranteed the possesssion thereof for five years after the sale (now reduced to three years by the 1938 Act), and after the expiration of the five-year period the purchaser, whether the state or an individual, could obtain possession by giving the proper statutory notice. Prior to the 1932 amendment, the owner could be dispossessed before the two-year redemption period had expired, whereas, after the amendment he was guaranteed possession for at least five years, plus the time necessary to remove him from the land by giving proper notice. After this amendment, therefore, the state and county had no right to possession and no remedy for collecting delinquent taxes on land during this five-year period. After the five-year period had expired, the state and county had the right to obtain possession, but as a matter of fact, nearly all tax sales were invalid by reason of failure to comply with statutory requirements and, as a consequence thereof, the Commonwealth or other purchaser could seldom obtain possession of the land. The state and counties had only

one possible chance for collecting the taxes, that is, the chance that after the expiration of the redemption period, they could enforce the lien provided in Section 4036. It was held in the case of Kentucky Lands Investment Company v. Towery et al., 146 Ky. 537, 142 S. W. 1071, that this lien did not accrue or come into existence until the sheriff's sale was declared invalid.

Naturally the landowner and delinquent taxpayer would not raise the issue of the validity of the sale, since he was already in possession of the land and could not be removed. It is doubtful whether the state could raise the question of the invalidity of the sale prior to the enactment of the 1938 Act, as such action was unauthorized by statute and would have been an attack on the validity of the acts of the sheriff, who was acting as agent of the Commonwealth in making the invalid sale, and whose actions were prima facie valid.

This, we think, is the situation evidencing that legislation was necessary to enable the Commonwealth to collect its taxes and is the situation, we think, which resulted in the enactment of Section 4154-1, providing that the state and county might file an action to declare the sale invalid and ask that it be set aside and the lien provided in Section 4036 established and foreclosed. The fact that the Legislature in the 1938 Act used the term "to establish" seems to indicate a legislative belief that the lien provided in Section 4036 did not accrue until the sale was held invalid, this legislative belief evidently being based on the decision in the Towery case, above mentioned. These considerations we have enumerated evidence to us the purpose of the 1938 Act and seem to negative the conclusion reached by the trial court that its purpose was to repeal a supposed limitation of five years from the date of the invalid sale provided by the 1934 amendment to Section 4036.

Our consideration and review of the applicable statutes and the situation with reference to the tax laws existing in the year 1934 lead us to the conclusion that it was not the intention of the Legislature by the 1934 amendment to Section 4036 to place a limitation of five years from the date of the invalid tax sale on the purchaser's right to assert the lien provided by that section.

Section 4021a-1, which became effective June 12, 1912, Acts of 1912, c. 48, placed a limitation of five years on an action or other proceeding for the enforcement of a

lien for taxes, or for the recovery of possession of property sold for taxes, but the lien provided in Section 4036 is not a lien for taxes, but is a statutory lien given to a purchaser who had paid the taxes for and on behalf of the owner at a tax sale. It includes not only taxes but interest and costs paid by the purchaser, and in many instances the costs of the sale could well be more than the taxes. In short, a new lien was created by this statute separate and distinct from the original tax lien, the lien created being a statutory declaration of an equitable lien existing prior to the enactment of this section. As to this equitable lien, see Floyd v. Wigall, 9 Ky. Op. 713; De Sembly v. Dedman, 161 Ky. 128, 170 S. W. 529; 61 C. J., Section 2063.

It must be remembered that from 1932 to 1934, as above indicated, the owner of land sold for taxes was guaranteed the possession of the property for five years or more. Commonwealth v. Randolph, 277 Ky. 724, 127 S. W. (2d) 398. If the 1934 amendment to Section 4036 is given the construction adopted by the trial court, the state and counties could not collect any taxes for which land was sold during that period of time, if the tax sale was invalid, because the five-year possession period will either run concurrently with or subsequent to the running of the five-year limitation, beginning with the date of the sale. It could hardly be thought that the Legislature, by the 1934 amendment, intended to place the taxing authority in a position where it was impossible to collect these taxes, when the tax sale was invalid. It might be said in answer to this that the sales involved in this case were made when the redemption period was two years, but it must be remembered that we are considering the legislative intent and must take into account all conditions which made the legislation necessary, in order to get the legislative point of view and harmonize the various sections.

The considerations we have outlined impel us to arrive at the conclusion that the 1934 amendment to Section 4036 was not intended to place a limitation of five years from the date of the invalid sale on the purchaser's right to enforce the tax lien, but was declaratory of the purchaser's right to enforce by action the lien given him and a recognition of the rule laid down in the Towery case that the purchaser's right of action accrued when the tax sale was declared invalid and must thereafter be enforced prior to the expiration of the lien

by reason of limitation, which period of limitation we construe to be the five-year limitation provided by Section 2515. This limitation provided by Section 2515 is a limitation of five years upon an action or a liability created by statute when no other time is fixed by the statute creating the liability. Section 4036, as originally enacted, created this new statutory liability, that is, the right of a purchaser to a lien, but provided no time within which it should be enforced.

In view of the considerations herein stated, we are of the opinion that the trial court was in error in holding that the right of the appellants to enforce their purchaser's lien for taxes was barred in five years from the date of the invalid sale. The right of action accrues when the sale is declared invalid and is not barred until five years thereafter.

As to the right of the Commissioner of Revenue to recover a 20 per cent penalty on the delinquent taxes and penalties, it is contended by appellant that Section 4263, Kentucky Statutes, provides a 20 per cent penalty on the amount of state and county taxes for which judgment is recovered by a revenue agent, and it is pointed out that this section was in effect at the time these taxes became delinquent and argued that the 1938 Act, Kentucky Statutes, Section 4154-1, does not create a new penalty, but only covers the penalty provided in Section. 4263. We may first point out, however, that even under Section 4263, prior to the amendment thereof by the Act of 1936-37, Kentucky Statutes, Section 4257a-2, it was held in Commonwealth v. Louisville National Bank, 220 Ky. 89, 294 S. W. 815, that a revenue agent had no authority to maintain an action for *county* taxes, therefore prior to the 1936 amendment there could have been no recovery of a penalty on the delinquent county taxes in any event.

This action was filed, not for the recovery of delinquent taxes, but to assert the lien provided by Section 4036, Kentucky Statutes, which is a lien on the property for the amount of taxes and costs paid by the purchaser at the tax sale—no lien for penalty is provided. The property was sold at the tax sale for the delinquent taxes and a 6 per cent penalty. The action being one to enforce the lien provided by statute no penalty not included in the lien may be recovered. We think appellants' contention that Section 4263 must be considered

in connection with Section 4036 in order to justify a recovery of the 20 per cent penalty is without merit.

It is true that by Section 4154-1 it is provided that in a proceeding of this character the invalidity of any sale heretofore or hereafter made by the sheriff may be alleged in a proceeding to establish the lien, which lien shall be held to include the penalty provided in Section 4263. As to sales made after the passage of the act, this provision is undoubtedly valid and a recovery of the 20 per cent penalty would necessarily follow, but it has been held heretofore that so much of an act as attempts to impose a retroactive penalty on delinquent taxes is void. Muir's Adm'rs v. City of Bardstown, 120 Ky. 739, 87 S. W. 1096; Kentucky Union Company v. Commonwealth, 128 Ky. 610, 108 S. W. 931, 110 S. W. 398. We are therefore of the opinion that the 1938 Act was ineffective in the application of any penalty on the taxes in controversy.

It will also be observed that Section 4154-1, in providing for the proceeding to establish the lien mentioned in Section 4036, specifies that this lien shall be held to cover and include the penalty provided by Section 4263. This appears to be a recognition of the view above indicated that the lien mentioned in Section 4036, to enforce which this action was filed, is only for taxes and costs and does not include any penalty.

The judgment is reversed with directions to enter judgment for the amounts sued for with the exception of the 20 per cent penalty.