## Commonwealth et al. v. Zubrod et al.

May 3, 1940.

Gilbert Burnett, Special Judge.

756

Lawrence S. Grauman, County Attorney, for appellants.

Elliot Lee Maddox for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The only question involved on this appeal is whether an action filed in 1939 pursuant to Kentucky Statutes Supplement 1939, Section 4154-1, to assert the invalidity of a tax sale made in March, 1932, for 1931 delinquent taxes and to establish the lien provided by Kentucky Statutes, Section 4036, is barred by limitation. The trial court held that it was barred and dismissed the petition in so far as the 1931 taxes were concerned.

Section 4154-1 authorized this character of action and prior to its enactment no such right of action was known to our law. No period of limitation was provided, but the concluding paragraph of the section provided in substance that such an action should not be instituted until after the expiration of the time which must expire before proceedings to recover possession can be instituted. This paragraph fixed the date of the accrual of the cause of action as the date on which an action to recover possession would lie.

In Commonwealth v. Union Labor Temple, et al., 279 Ky. 692, 131 S. W. (2d) 843, the necessary effect of which is a holding that the present action is not barred by limitation, it was pointed out that Kentucky Statutes, Section 4151-2, prior to its amendment in 1932, when considered in connection with Section 4153, provided that in fifty days after a tax sale the county attorney should give notice to the owner of land purchased by the State and County and if not redeemed within thirty days thereafter he must institute a proceeding for recovery of possession of the land.

As the real estate on which the lien in controversy is being asserted was sold prior to the effective date of

the 1932 amendment, the chancellor was of the opinion that an action for recovery of possession could have been brought eighty days after the sale and that therefore the cause of action accrued eighty days after the sale. He was further of the opinion that the proper limitation period applicable was the five year limitation provided by Kentucky Statutes, Section 2515, as to an action upon a liability created by statute when no other time is fixed by the statute creating the liability. If the chancellor was correct in both of these assumptions, it follows as a matter of course that his judgment should be affirmed. We agree with his conclusion that Section 2515 is the proper limitation statute to be applied since the new right of action created by Section 4154-1 is a liability created by statute within the meaning and intent of Section 2515—by it is established and brought into operation Section 4036 creating the lien of a tax sale purchaser when the sale is set aside.

We are of the opinion, though, that the chancellor was in error in fixing the accrual of the cause of action at the expiration of a period of eighty days from the tax sale. When Section 4154-1 became effective in 1938, the time which must have expired after the tax sale before proceedings to recover possession could have been instituted was not eighty days, as thought by the chancellor, but five years in so far as the tax sale in controversy was concerned. This is true because the 1932 Act, Chapter 142, page 670 (now Kentucky Statutes, Section 4151-2), extended the redemption period from two years to five years and provided that proceedings to recover possession could not be instituted until the redemption period had expired and the 1932 Act is applicable to tax sales made before its effective date. Grieb, County Clerk, v. National Bank of Kentucky's Receiver et al., 252 Ky. 753, 68 S. W. (2d) 21.

It is true that the 1938 amendment to Section 4151-2, reduces the redemption period to three years and by virtue of Section 4153 proceedings to recover possession may be instituted after the expiration of this three year redemption period, plus the notice period provided, but the 1938 amendment further provided that the reduction of the redemption period should not affect tax sales made before its effective date.

As a result of these numerous changes in the stat-

utes, when Section 4154-1 was enacted in 1938, the time which then must have expired before proceedings to recover possession could be instituted, in so far as the tax sale in controversy was concerned, was five years. We must necessarily assume that the Legislature had this period in mind as to sales unaffected by changes in the 1938 Act, and the three year period in mind as to sales made after the effective date of the Act. There could be no sound reason to assume that the Legislature in referring to the expiration of a period of time, had in mind any other period than one provided by *existing* law. The eighty day period which the chancellor had in mind was not in existence when Section 4154-1 was enacted in 1938.

In short, as to sales made before the effective date of the 1938 Act the cause of action under Section 4154-1 accrues at the expiration of five years, plus notice period, from the date of sale and as to sales thereafter made the cause of action accrue at the expiration of three years, plus notice period, from the date of sale.

The five year limitation provided by Section 2515 is applicable so that, as to sales made before the effective date of the 1938 Act, the cause of action is barred by limitation at the expiration of ten years, plus notice period, from the date of sale; as to sales thereafter made, the cause of action is barred at the expiration of eight years, plus notice period, from the date of sale.

In view of the conclusions reached, the chancellor was in error in holding that the action as to the 1931 taxes, for which sale was made in 1932, was barred by limitation.

Judgment reversed with directions for further proceedings consistent with this opinion.

The whole court sitting except Justice Rees.