## Martin v. City of Greenville.

(Decided December 1, 1911.)

### Appeal from Muhlenberg Circuit Court.

Municipal Corporation—Town Record—Validity.—Matter written on the margin of a town record is a part of the record when duly signed, just as much as matter which is written on the page horizontally, and a town ordinance thus shown to have been adopted is valid.

CLARK & STROUD for appellant.

CAMPBELL HOWARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

R. W. Martin instituted this proceeding against the city of Greenville to test the validity of an ordinance of the city prohibiting stock from running at large therein. This court in the case of Tutt v. City of Greenville, 142 Ky., 536, had before it the validity of the ordinance. Its validity on its face was there sustained. But it was not attacked in that case on the ground on which it is attacked here. The question is made here that the ordinance has not been adopted by the City Council. A facsimile of the page of the record book of the City Council is in the record. This shows that a regular meeting of the council was held on March 7, 1910, there being five members of the council present. The mayor being absent, one of the members of the council was chosen as mayor pro tempore. The minutes of the last meeting were read and approved. Certain other business was then transacted which is set down in order. Underneath this a printed copy of the ordinance in question is pasted on the sheet, and on the left side of this printed slip these words are written:

"The following ordinance having been properly introduced and laid over was by vote adopted."

At the bottom of the page are these words:

"On motion body stood adjourned.
    "ORIEN L. ROARK, Clerk,
    "R. E. WALLACE, Mayor Pro Tem."

It is insisted that this record does not show that the council took any action and that the part relating to the ordinance is not signed by the clerk and the mayor. The

circuit court held the record sufficient and dismissed the plaintiff's petition.   He appeals.

All the writing on the page of the book is written on horizontal lines except that part relating to the ordinance.   The printed copy of the ordinance is pasted on the page so that its lines run horizontally.   But the words relating to the passage of the ordinance are written to the left of the printed matter and run up and down the page.   From an inspection of the sheet itself, it is very evident that the clerk wished to get all the minutes of that meeting on that sheet, and the words referred to which are written on the margin up and down were so written because the printed copy of the ordinance extended nearly to the bottom of the page, and the space where these words were written was the only place where he could well put them.   When the clerk and the mayor signed the page, they signed all that was written on the page. , It is not uncommon for marginal corrections to be written on records of this kind, and when they are so written they are as much a part of the record after it has been signed and approved, as matter that is written horizontally on the page.   We are, therefore, of opinion that the record shows that the ordinance was adopted.

   Judgment affirmed.