## Prickett v. Prickett

(Decided December 15, 1911.)

### Appeal from Campbell Circuit Court.

Husband and Wife—Alimony and Maintenance—Action For.—In an action by a wife against her husband for alimony and maintenance for herself and children, evidence examined and held sufficient to entitle her to the relief sought.

HOWARD M. BENTON for appellant.

BARBOUR and BASSMAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, Commissioner—Reversing.

Appellant, Beatrice Prickett, and appellee, David W. Prickett, were married in Newport, Kentucky, in the year 1890. From that time until a few days before the institution of this action they lived together in that city, with the exception of a few months when appellee was absent in the State of Texas. Two children were born of the marriage, a boy now nineteen years of age and a girl thirteen years of age.

Appellee is owner of a house and lot in Newport, worth about $3,000.00. He and appellant occupied this house until a few days before the institution of this action, which appellant brought against appellee for the purpose of obtaining alimony and maintenance for herself and children. Her suit is predicated upon two grounds; abandonment and habitual behavior toward her on the part of appellee, for not less than six months, in such cruel and inhuman manner as to indicate a settled aversion to her and to destroy her peace and happiness. The chancellor denied her the relief prayed for, and she appeals.

In addition to the charges of abandonment and cruel and inhuman treatment, the petition alleges that both children are in her custody and that appellee is not a suitable and proper person to have their custody; that appellee is physically able to support himself and family, and owns real estate of considerable value; that appellant is in poor health, without income or means of support, except from her own labor and that of her son, which are inadequate to support them; that she owns no property, except the household furniture and effects located in defendant's residence. The petition concludes with a prayer to the effect that she be given the custody of the children, and that she be awarded alimony and maintenance for herself and children; also that she be adjudged the owner of the household furniture and effects. A temporary restraining order was issued, restraining appellee from disposing of any of the household goods and effects, or of his real estate or other property. Ten days later an injunction was granted in default of an appearance by appellee. Appellee simply denied the grounds relied upon by appellant in support of her action, and alleged that he did not own any real estate in excess of $2,200.00; he also denied any intention of disposing of his property or the household goods.

The evidence of appellant consisted of depositions given by her two children and by a divorced wife of appellee's brother. According to these depositions appellee kicked appellant six or seven years prior to the time the testimony was given. He formerly paid the grocery bills, but whenever there was anything on it, such as crackers and cakes, he scratched the items off and would not pay for them, saying they were not necessities. During the past five or six years he stopped paying the grocery bills. On one occasion when appellee asked for money with which to pay a grocery bill he said he was getting his board for the rent. During the last year he worked only five or six weeks during the summer. While at work he contributed two or three dollars a week for the support of the household. While the children were younger, appellant herself worked in order to support them. After they grew older she kept boarders for a while. On one occasion, when his daughter went into appellee's room to see what time it was, he forbade her lighting a candle which she carried, and when she lighted it in obedience to the directions of her mother, to find out the time, he struck her, and when her mother interfered in her behalf, he struck the mother. Appellee objected to the family receiving any company. He objected to his wife going to church or anywhere else. On Monday preceding the departure of appellant and the children, he ordered his brother's divorced wife from the house. Appellant protested, and stated she could stand it so long and no longer. Thereupon he told her if she did not like the way things were run she could pack her things and go. Appellee purchased a piano, which he afterwards locked up and refused to permit the children to use. He complained because the children were not musical, and yet he was angry because of the noise made when they attempted to play on the piano.

Upon cross-examination of these witnesses, it developed that appellee was not accustomed to drink or to swear, but that he was a man of good habits. During the past few years he succeeded in paying off the mortgage on the home place. He objected to the presence of his brother's divorced wife at his home, on the ground that she caused trouble. He slapped his daughter because she disobeyed him when he directed her not to make a light in his room. Appellee introduced no

evidence whatever, but relied upon the insufficiency of appellant's evidence.

While it is true, that the first time the evidence shows appellee struck his wife was several years ago, it also appears that, a few months prior to their separation, he struck her when she was in feeble condition. These two acts, illustrating his attitude toward her, taken in consideration with the fact that he had ceased to contribute anything to the support of the family; that he on more than one occasion told his wife that if she was not satisfied with matters as they were she could pack her things and get out, and that he objected to any of the family having company or to his wife going to church and elsewhere, are sufficient, we think, to establish appellant's right to alimony, and to maintenance for herself and daughter. It is not necessary always to prove acts of physical violence in order to establish cruel and inhuman treatment on the part of the husband. When a husband makes his wife's position in the home intolerable by reason of his indifference and neglect, and the fact that he frequently subjects her to humiliation in the presence of others, and robs her of the pleasure which she would otherwise have from attendance on her church or visits to her friends by protesting against her leaving the house, and she is thus forced to leave her husband's residence, which had lost all the elements of a home, we can not say that she deprives herself of all right to support and maintenance for herself and children.

As the evidence in this case shows that the son not only takes care of himself, but contributes a part of his earnings to the support of the family, it will not be necessary for appellee to contribute anything towards the support of the son. We conclude, however, that it is his duty to contribute something towards the support of appellant and her daughter.

After carefully considering the circumstances of the parties, we conclude that for the present appellee should contribute towards the support of appellant and her daughter the sum of $15.00 per month. Should a change take place in the condition of the parties, the chancellor may provide for a different sum. In case appellee fails to pay the alimony so awarded, the chancellor will rent out the house belonging to appellee and apply the rents to the payment of the sum so fixed, or

to the sum that may hereafter be fixed by the chancellor, as above provided.

In addition to the above, the chancellor will turn over to the wife such household goods and fixtures as the evidence shows are her property. The sum of $25.00, allowed appellant's attorneys and taxed as costs, is too small; the chancellor will fix their fee at $50.00.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.