## Harrison v. City of Greenville, et al.

(Decided January 5, 1912.)

Appeal from Muhlenburg Circuit Court.

1. Practice and Procedure—Issue Out of Chancery.—Where a suit in equity raised the issue of plaintiff's title to land and damages thereto, and those issues were, upon his motion, referred to a jury for determination, and upon the plaintiff's admitting, in his evidence, that he had dedicated the land to public purposes, it was not error for the circuit judge to peremptorily withdraw that question from the jury, and dispose of it in his final judgment, since the finding of a jury is not necessarily binding upon the chancellor, and he may enter a proper judgment under the whole case, disregarding the finding of the jury.

2. Public Way—Dedication.—It is not necessary, ordinarily, at common law, that the acceptance of a street should be evidenced by any formal act upon the part of the municipal authorities. It may be implied, where the municipality takes control of it by enacting an ordinance for its improvement.

3. Municipalities—Passage of Ordinance.—Where a city council consists of six members, and the City Charter provides that no ordinance shall have any validity unless passed by the votes of at least three members of the city council, and the minutes of the council show that an ordinance was passed, but the transcript of the minutes of the board copied into the record is not a complete transcript of the proceedings of the board, the court will assume the board complied with the statutory requirements in passing the ordinance and that the judgment of the circuit judge was sustained by the evidence.

4. Same.—Where the original record of the city council, showing the passage of an ordinance, was made up by having the ordinance printed in a newspaper, and by then clipping a printed copy from the newspaper and pasting it in the proper place in the minute book before it was signed by the Mayor and Clerk at a subsequent meeting of the board, the ordinance is not thereby rendered invalid, since the fact that it is so incorporated by pasting a printed copy upon the page rather than by transcribing it with pen and ink cannot, in the absence of some statutory requirement upon the subject, render the ordinance invalid.

5. Appeals—Jurisdiction.—The Court of Appeals is without jurisdiction to review a judgment for $25.00.

CLARK & STROUD for appellant.

CAMPBELL & HOWARD, HOWARD & GRAY for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming appeal and dismissing cross appeal.

On August 1st, 1910, the City Council of the City of Greenville, a city of the fifth class, enacted an ordinance directing the construction of a sidewalk 160 feet long in front of the property of the appellant, D. F. Harrison on the west side of Main street in Greenville, at the cost of the owner of the land abutting upon it, and providing that in the event of the failure of the owner, within twenty days from the publication of the ordinance, to construct a sidewalk, a contract therefor should be let, and the walk constructed at the expense of the land owner, as is provided by section 3643, of the Kentucky Statutes. Harrison having failed to build the sidewalk, the City Council, on September 6th, 1910, made a contract with the appellees, Green & Marks, to do the work.

After the contractors began the construction of the walk, and had made the necessary excavation therefor, Harrison instituted this action for the purpose of enjoining the appellees from proceeding further with the work, and for damages to his adjoining land and to his fence located thereon. The city answered, denying the allegations of the petition, and affirmatively pleaded that the strip of land upon which the sidewalk was to be constructed was, and for more than twenty years had been, a part of the public streets and passways of the city, and had been so used by the public generally. It also relied upon the ordinance in justification of its acts, and by his reply the appellant put in issue the validity of the ordinance.

Upon Harrison's motion he was granted a jury trial on the two issues, (1) of damages to his property by the grading and excavating for the proposed side-walk, and (2) as to his title to the land so graded and excavated by the appellees in making the side-walk. Upon the jury trial, and after appellant had introduced his evidence, the court, upon appellees' motion, withdrew the issue as to the title of the land from the jury, and held, as a matter of law, that plaintiff had, by his own act, dedicated the land in controversy to the City of Greenville for side-walk purposes, and refused to submit that question to the jury. The court, however, submitted to the jury the question of damages to appellant's fence and adjoining land, whereupon the jury returned a verdict against the City of Greenville and Green and Marks for the sum of $25.00, upon which a judgment was entered. The court refused the injunction; declined to try the question of the invalidity of the ordinance, and from that portion of the judgment this appeal is prosecuted by Harrison.

1. Appellant's first complaint is, that the Circuit Court was in error in withdrawing from the jury the question of his title to the land whereon appellees were attempting to build the side-walk, and in refusing to submit that question to the jury.

After quite a good deal of evidence had been introduced tending to show that the strip of land in question had been used by the public for a great many years, the appellant, in his testimony, admitted that he had moved his fence back some six feet from its former position, for the purpose of giving to the city the strip of land in question for the purposes of a side-walk; but when he heard that some of the other property owners had been paid for their land used for side-walk purposes, he withdrew his dedication, and declined to carry it out. In the meantime, however, the City Council had passed an ordinance directing the improvement as above indicated. Under this state of fact, the circuit judge evidently waived the question of adverse user upon the part of the public, and decided peremptorily upon the strength of the appellant's own testimony that he had dedicated the strip of ground in controversy to the city, and that the city had accepted it for the purposes of the dedication. This question, however, was not submitted to the jury. The circuit judge's ruling, was, in effect, a peremptory instruction, which he subsequently embodied in the judgment, although no formal verdict was ever returned by

the jury. We are of opinion that the testimony of the appellant as to his dedication was sufficient to authorize the conclusion reached by the judge, that he had dedicated the property to the public use; and, although the practice of entering a judgment without directing a finding by the jury was, perhaps, unusual, it in no way prejudiced the rights of the appellant. The apparent irregularity evidently grew out of the fact that the action was in equity, and in withdrawing the question of fact from the jury the circuit judge recognized the rule applicable in such cases, that the finding of the jury was not necessarily binding upon the Chancellor, and that he, as Chancellor, could enter a proper judgment under the whole case, regardless of the finding of the jury. In so ruling we think the circuit judge acted within the rule of practice applicable to such cases.

2. It is next insisted by appellant that there was no acceptance of the dedication by the city. In the City of Louisville v. Snow's Admr., 107 Ky., 543, this court said:

"It is not necessary, ordinarily, at common law, that the acceptance of a street should be evidenced by any formal act upon the part of the municipal authorities. It may be implied, as where the municipality takes control of it, includes it within the beat of its police officers, and permits the public to make use of it as a public street of the city. This is especially true when such acceptance could be regarded as a public benefit."

In the case at bar, the appellant, having removed his fence, saying that he was giving the strip of ground for the purposes of the side-walk, and the city having thereupon enacted an ordinance for its improvement, we think the act of dedication and the act of acceptance were sufficient to perfect the title of the city to the land in controversy. Terrell v. Hart, 90 S. W., 953, 28 Ky. L. R., 901; Bloomfield v. Allen, 146 Ky. 38.

3. Appellant's next ground of complaint is, that the Circuit Court erred in refusing to pass upon the validity of the ordinance which directed the improvement. The judgment of the court necessarily assumed that the ordinance was valid, and if it was valid there was no necessity of the court formally reciting that fact. The record shows that the ordinance was regularly introduced on July 19, 1910, and "was passed" on August 1st of that year. The minutes are regularly signed by the Mayor and the City Clerk. The appellant contends, however, that the ordinance was not properly enacted because the rec-

ord fails to show by what vote it was passed or adopted. The City Council is composed of six members, and "no ordinance shall have any validity unless passed by the votes of at least three members of the City Council." Ky. Sts., sec. 3636. The transcript of the minutes of the Board, copied into the record, shows it is not a complete transcript of the proceedings of the Board; and that being true, we will assume the Board complied with the statutory requirements in passing the ordinance, and that the judgment of the circuit judge, was sustained by the evidence introduced before him.

4. It is further contended that although the copy of the ordinance found in the record is regular in form, the original record was made up by having the ordinance printed in a newspaper, and by then clipping a printed copy from the newspaper and pasting it in the proper place in the minute book before it was signed by the Mayor and Clerk at a subsequent meeting of the Board. It is contended that this is irregular, and renders the ordinance invalid, because the ordinance should have been written out upon the face of the minute book instead of using a printed copy from a newspaper. The validity of this procedure was before this court in the late case of Martin v. the City of Greenville, 145 Ky., 649, 140 S. W., 1043, where the ordinance was upheld. The ordinance as adopted is incorporated into the minutes of the proceedings of the Board; and the fact that it is so incorporated by pasting a printed copy upon the page rather than by transcribing it with pen and ink cannot, in the absence of some statutory requirement upon the subject, render the ordinance invalid.

5. The City of Greenville prosecutes a cross-appeal from the personal judgment against it for $25.00 damages. Under section 950 of the Kentucky Statutes, this court is without jurisdiction to review a judgment for the recovery of money where the amount in controversy is less than $200.00, exclusive of interest and costs; and as the recovery here was only $25.00, we have no jurisdiction of the cross-appeal.

The judgment is affirmed upon the appeal, and the cross-appeal is dismissed.