# Kentucky Lands Investment Company v. Towery, et al.

(Decided February 1, 1912.)

## Appeal from Hopkins Circuit Court.

1. Land—Sale for Taxes—Non-resident owner.—A sale of land for an ad valorem tax on the land and a poll tax, when the owner was not a resident of the county, and no poll tax had been assessed against him, is void.

2. Purchaser at Sale—Entitled to Lien.—The purchaser at a sale is entitled to a lien for the tax which he paid with the cost and interest, and this cause of action accrues to him when the sale is set aside.

M. J. HOLT, GORDON, GORDON & COX for appellant.

E. D. MORROW and C. J. WADDILL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

This case is similar to the case of Kentucky Lands Investment Company v. Adaline Simmons, 146 Ky., 589, but proof is made here that was not made there. The sale of the land in this case was invalid because the land was sold not only for the tax that was due but for a poll tax. Towery was a non-resident of the county; the land had been assessed by the surveyors from a descriptive list filed by him. No poll tax had been assessed against him. The sale having been made for the tax that was not valid as well as for the tax that was due, was void, as the sheriff had no right to sell land for anything but the taxes due. (Smith v. Ryan, 88 Ky., 636; Fish v. Genett, 22 R., 177.) But the purchaser is entitled to a lien on the land for the tax which was in fact due which he paid. To this extent the plaintiff is entitled to relief and to this extent only. The purchaser's right to this relief arises when the sale is held bad. His cause of action for a lien on the property

under the statute accrues then. The plaintiff was not therefore barred by limitation from asserting its lien on the property.

Judgment reversed and cause remanded for a judgment as above indicated.