## Orr, et al. v. Mann, et al.

(Decided March 20, 1925.)

### Appeal from Hopkins Circuit Court.

1. Municipal Corporations—Ordinance Held Properly Recorded, though in Wrong Chronological Order.—Where minutes of meeting of June 12th were recorded immediately after meeting of May 25th and street improvement ordinance was then recorded in back of book, and later book was rebound so that ordinance would appear in proper place between record of the two meetings, ordinance held properly recorded within Ky. Stats., section 3489; the date of rebinding being immaterial.

2. Municipal Corporations—Recording of Yea and Nay Vote on Ordinance Unnecessary where Adoption Unanimous.—Where adoption of street improvement ordinance was unanimous, recording of yea and nay vote held unnecessary under Ky. Stats., section 3489.

3. Municipal Corporations—That Bids on Sidewalk Contract did Not Separate Streets Held Immaterial.—Whether ordinance, authorizing sidewalk, required bids on each street to be stated separately, that bid, as accepted, stated uniform unit price for all sidewalks held immaterial, in absence of any showing of prejudice resulting from contract for work as a whole rather than for each street separately.

4. Municipal Corporations—Whether Sidewalk Contract Delegated Authority to City Engineer Not Considered when Authority Not Exercised.—Whether sidewalk contract delegated to city engineer authority to direct greater thickness of concrete base than called

for by contract, under certain conditions, will not be considered in absence of any suggestion that any change in specifications was actually made.

5. Municipal Corporations—Acceptance of Some of Sidewalks Contracted for, Before Completion of Others, Held Proper.—Acceptance, by city of sidewalks on some streets as completed under contract, and levy of assessments therefor, before the completion of others, held proper where ordinance made each street a unit.

6. Municipal Corporations—Subcontractor Entitled to Sue to Enforce Improvement Lien.—Subcontractor held entitled to sue in name of principal contractor for his use and benefit to enforce lien for street improvement, where it was alleged and not directly denied that city had consented to subcontract, and where city had accepted work.

7. Municipal Corporations—Failure to File Complaints to Assessment at Meeting Held Not to Waive Right to Contest Assessments.—Meeting under Ky. Stats., section 3573, is to allow property owners to point out defects in construction of sidewalk and show why contractor's work should not be accepted and failure to present written complaints to assessments at such meeting does not waive right to contest assessments, especially as section 3575 requires waiver of all objections to irregularity as prerequisite to paying assessment on bond plan.

8. Municipal Corporations—Addition of Penalty to Reduced Assessment Proper when Tender of Correct Amount Not Made.—Property owners were properly required to pay 10 per cent. penalty upon amount which court found they should pay for street and sidewalk improvement, though court reduced the assessment, where they had failed to render correct amount.

W. D. ORR for appellants.

GORDON & GORDON & MOORE, J. A. JONSON, WHITE & CLARK and ALVAN CLARK for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

This is an appeal from a judgment of the Hopkins circuit court in the consolidated actions of W. C. Mann & Son, plaintiffs, against W. D. Orr, et al., defendants, and W. H. Hester, et al., plaintiffs, against Alex. Pritchett, et al., defendants, and involves the validity of the proceedings of the city council of the city of Madisonville, Kentucky, in ordering the improvement of certain streets by the construction thereon of concrete sidewalks, curbs and gutters. The court adjudged liens

against the property of appellants, and they have appealed.

In their petitions there is properly set out in complete detail the various steps required by the statute to be taken in order to have these improvements made, and to impose a special tax upon the property of the appellees to pay therefor. The answers denied everything. Thus there was made a vast number of issues, but all these questions were, by the evidence, so clearly settled in favor of the appellees that none are discussed in brief, except the ones which we shall consider in this opinion.

The resolution declaring this work a necessity was adopted unanimously on April 12, 1920, and duly published on April 16, 1920. The ordinance providing for this work was given its first reading on May 25, 1920, and was unanimously ordered to lie over at least ten days for a second reading. At the next regular meeting held on June 5, 1920, five of the six councilmen being present, the minutes of the meetings of May 10 and May 25 were read, approved, adopted and signed by the mayor. The ordinance providing for this work was then given its second reading, unanimously adopted, signed by the mayor and attested by the clerk.

Appellants insist that this ordinance and the yea and nay vote thereon were never recorded as required by section 3489 of the statutes. It seems that the minutes of the meeting of June 12 were recorded immediately after the meeting of May 25, and that when that was discovered, the ordinance providing for these improvements was then recorded near the back of the book and the book was taken to Evansville, Indiana, where it was unbound, the leaves from the back of the book on which this ordinance was recorded were inserted at the proper place between the records of the meetings of May 25 and June 5, and the book was rebound. There is sharp conflict in the evidence as to when this was done, some witnesses testifying it was done before July 6, 1920, others that it was done after June, 1921. It makes no difference when this rebinding was done; the evidence shows that this ordinance was recorded in the journal before July 6, 1920, and all the rebinding did was to put it into proper chronological order. The record shows that this was unanimously adopted, and it was not necessary that the yea and nay vote be recorded. See Cornett v. Bailey Const. Co., 203 Ky, 268,.262 S. W. 276.

Appellants contend that this work was not contracted for as provided in the ordinance. One of the provisions is:

"The cost of the improvement on each street shall be taken separately and assessed against the property abutting on the side of the street on which the improvement is made, each corner lot having its sidewalk and curbing and guttering intersection included in its frontage."

Another provision is:

"The bids on each street must be stated separately."

In the advertisement for bids the entire ordinance was published, and the bid of W. C. Mann & Sons was as follows:

"Our bid on concrete walks and combined curbs and gutters for concrete walks ordered by city council on the streets of Madisonville, is:

"Walks, .25 per sq. ft.
Combined curbs and gutters, $1.10 per lineal ft.
Gutters without curb, .25 per lineal ft.
When excavation is to be done over depth of 12 in., .75 per cu. yd."

This bid was accepted and the city contracted with Mann & Son to do all the work. Appellants contend this was illegal because Mann & Son did not submit separate bids on each separate street, as required in the advertisement. The whole necessarily included all the parts, and this bid contains nothing to indicate that it might not be accepted as to some streets, and rejected as to others. It was accepted in full and the city contracted with Mann & Son to do all the work provided for in the ordinance. It is not shown, alleged or even claimed that appellants were in any way prejudiced by the work being contracted for as a whoe, instead of each street being contracted for separately. A part of the specifications which were made a part of the contract is:

"Sidewalks and combined curbs and gutters shall be constructed of concrete and said sidewalk shall, unless otherwise specified by the city council or the city engineer, be five feet wide and shall con-

sist of a two-inch sub-base of engine cinders, or fine, clean, branch gravel; a one-fourth base of cement concrete, and one-inch cement mortar top of wearing surface, making a total thickness of material between the subgrade and the sidewalk grade of seven inches. The thickness herein specified shall apply and represent the minimum thickness allowed. A greater thickness of concrete base shall be used where the sidewalk is to be subjected to heavy loads and extra hard use, as may be directed by the city engineer. Said combined curb and gutters shall be the dimensions hereinafter given."

Appellants contend that by this the council delegated its authority to the city engineer and that the contract was on this account illegal. There is no question here for decision, however, as there is no suggestion that any change was made in the specifications by anyone.

It appears that after the work had been completed upon some of the streets and before the work upon the other streets was completed, the city council received the work upon the streets so completed, and levied special assessments to pay therefor. Appellants contend that no work should have been received until all work was completed. As to any one street, that is correct, but not as to all. To hold, where work on several streets is contracted for that work upon all must be completed before the work upon any can be received or paid for would result in a hardship on the contractor, and no advantage to the property owners, and in all contracts thereafter let, men of limited means would be deterred from bidding as they would perhaps be unable to obtain the money to pay for the work, if the work on no street could be received and paid for until that on all had been completed. This is not in conflict with City of Henderson v. Lambert, 8 Bush 607, as in that case there was but one street involved, and the work upon that street had not been completed. For the same reason, Murphy v. City of Louisville, 72 Ky. (9th Bush) 189, is not applicable. The ordinance in this case made each street a unit, and as each unit was completed the work on it should have been paid for. See Elder, et al. v. City of Richmond, et al., 185 Ky. 706, 218 S. W. 239.

Appellants contend that appellee, Hester, cannot maintain his suit because the city did not consent to the subcontract made by Mann & Son with him, but it is al-

leged that the city consented, and that allegation is not directly denied, besides, the city accepted the work done by Hester, and his suit is brought in his own name and in the name of Mann & Son, and the city of Madisonville for his use and benefit, hence there is no merit in this contention.

The court reduced the amounts assessed against certain defendants, these reductions being made for different reasons in the different cases, usually to correct clerical errors in the calculation of the amount assessed. The appellees have prosecuted a cross-appeal, and contend that the failure of these parties to present their complaints in writing to the street committee at the meeting which was advertised and held as required by section 3573, precluded them from questioning the assessments made against them. This meeting is provided for the purpose of giving the people an opportunity to point out defects in the work, and to show cause, if they can, why the contractor's work should not be accepted, and the property of a citizen can not be taken because he fails then to protest. The city has no right to levy one cent of unwarranted tax upon his property, and if it does, the citizen does not by inaction waive his right to contest it. That it was never contemplated that at this meeting the taxpayer should file in writing any objection he might have to the tax or else never thereafter be allowed to do so, is made clear by section 3575, wherein this same taxpayer as a prerequisite to paying his assessment on the bond plan is required to enter into an agreement with the city so to do and to waive all objections to illegality and irregularity. This would be a needless and foolish requirement if, by failing to file objection in writing with the street committee, the taxpayer had already lost all right to question the assessment.

Therefore, this judgment allowing credits to various property owners is correct. These property owners were, by the judgment, required to pay 10% penalty upon the amount which the court found they should pay, and they complain of that; but that complaint is without merit, as they failed to tender the correct amount.

Judgment affiirmed on both original and cross appeal.