## Kelly v. Adams et al.

(Decided May 21, 1929.)

SAUFFLEY & WARD for appellant.

FAULKNER & FAULKNER and W. A. STANFILL for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

This is a companion case to that of City of Hazard v. Adams, etc., 229 Ky. 598, 17 S. W. (2d) 703, and the appeal has been prosecuted on the same record.

The appellant, J. S. Kelly, is the contractor who did the work described in that opinion, and he seeks to have the judgment reversed and corrected so as to allow him interest and 10 per cent. penalty on the assessments made against the property holders who are the appellees herein, and interest on the sums adjudged to be borne by the city of Hazard.

As to the last item, we need only say that the city has not been made a party to this appeal. Consequently, we have no right to review that aspect of the judgment.

The ordinance and contract provided for the construction of Elm street as a unit from Maple street to the "Old Country Road," but that was not done for some reason not appearing in the record, and only one block was improved. It is only shown that the city engineer laid out the work on the one block and that such construction was accepted. The appellees enjoined the assessment against their property in so far as it covered the cost of the culverts. The judgment provided that the property of Adams and Combs was liable for the entire cost of Maple street, including the culvert on that street, and assessed the penalty against them. But they were given 30 days within which to accept the ten-year payment plan. All four of the appellees were held chargeable with five-sevenths of the cost of the Elm street culvert, but the Faulkners and the Hazard Laundry Company were relieved altogether because the assessment exceeded 50 per cent. of the value of their property abutting on Elm street. The judgment has been affirmed except to the extent that it relieved the Faulkners of five-sevenths of the controverted assessment. The lower court properly held that none of these parties should be required to pay the 10 per cent. penalty, and that they should have 30 days within which to provide for the payment of the assessment.

The statute does not contemplate the enforcement of a penalty for failure to pay an improper assessment. The property owners are not required either to pay or to provide for the payment of an illegal apportionment. The parties were entitled to a correct apportionment of the cost of these streets, and, since that was not originally made and they did not secure a correct or equitable assessment until the judgment was entered, they did not become legally liable until that time. Board of Councilmen v. Jillson, 225 Ky. 61, 1 S. W. (2d) 859.

606

Although we may not on the record review the effect of the failure on the part of the contractor to complete the unit of work according to his contract because he was not a party to the other appeal and there is no cross-appeal in this case, we may observe that the contractor does not appear in a favorable light in asking the enforcement of these penalties when he has not complied with his agreement or with the ordinance authorizing it. Cf. Orr v. Mann, 208 Ky. 46, 270 S. W. 491; Andrews Asphalt Paving Co. v. Brammel, 221 Ky. 323, 298 S. W. 956.

The judgment, in so far as it affected the appellant, is affirmed.