## City of Paducah v. Paducah Newspapers.

(Decided May 26, 1933.)

W. A. BERRY for appellant.
J. D. MOCQUOT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Section 3187 of the Kentucky Statutes, which prescribes the procedure for the sale of real estate of delinquent taxpayers in cities of the second class, reads in part:

"Before making said sale the treasurer will cause

a notice thereof to be published in the official newspaper of the city for at least ten days just preceding the day of sale, showing the time, place and terms of the sale, the names of delinquent taxpayers, numbers of the tax bills, the total amount of taxes, interest, penalties and costs due on each bill, and a brief description, by lot and block numbers as shown on the city maps, or by such other descriptions, sufficiently accurate to identify each parcel of property to be sold."

The appellee, a corporation, publishes a daily newspaper in Paducah which has been designated by the proper authorities as the official newspaper of the city. On or about March 17, 1933, the treasurer of the city prepared a list of the delinquent taxpayers of the city for the year 1932 and a notice in accordance with the above provisions of section 3187 of the Statutes, and directed the appellee to publish such list and notice in one issue of its newspaper at least ten days prior to the date of sale. A controversy arose between the city and the appellee as to the construction of section 3187 of the Statutes, the city contending that one publication of the notice required by the statute at least ten days prior to the date of sale was sufficient, while the appellee contended that it was necessary to publish the notice on at least ten successive days immediately prior to the date of sale.

This suit was brought under the Declaratory Judgment Act (Civil Code of Practice secs 639a-1 to 639a-12), for a declaration of the rights of the parties and for a construction of section 3187 of the Kentucky Statutes. The lower court adjudged that there must be ten insertions of the notice in the official newspaper during the ten days just prior to the date of sale. The city has appealed.

The correct solution of the problem presented by the record depends upon the construction of the phrase, "before making said sale the treasurer will cause a notice thereof to be published in the official newspaper of the city for at least ten days just preceding the day of sale," found in section 3187 of the Statutes. Did the Legislature intend, as contended by appellant, that there should be one publication of the notice on the tenth day before the day of sale, or, as contended by appellee,

that the notice should be published continuously for at least ten consecutive days before the day of sale. No cases are cited in support of either contention, and counsel for both parties concede that the exact question has not been passed upon by this court. We find, however, that similar provisions in other statutes have been construed.

In Woodward v. Collett, 48 S. W. 164, 165, 20 Ky. Law Rep. 1066, the board of council of Bowling Green, a city of the third class, passed an ordinance for the construction of a sidewalk. Section 3450 of the Kentucky Statutes, which is part of the charter of cities of the third class, provided that the mayor should advertise the letting of such work in some newspaper published in the city for at least ten days. The notice for bids was inserted in one issue of a daily paper ten days before the day of the letting, and it was held that this publication satisfied the statute. The decision was rested upon the ground that there was no reference in the statute to the paper, whether daily or weekly, in which the notice should appear, and that evidently it was not the legislative intent that there should be ten insertions of the notice in a paper.

In Hatfield v. City of Covington, 177 Ky. 124, 197 S. W. 535, 537, the sufficiency of the notice of an election to take the sense of the voters of the city of Covington, a city of the second class, on a proposed bond issue, was questioned. Section 3069 of the Kentucky Statutes provided that the ordinance ordering the election should be published "for at least two weeks just preceding the election in the official newspaper in and for such city, or by posting written or printed copies thereof at three or more public places in such city, if there be no such official newspaper." The ordinance calling the election was enacted on September 21, 1916, and was published in the Kentucky Post, the official newspaper for the city of Covington, on September 25, and in ten consecutive daily issues of the paper beginning October 23, and ending November 2, 1916. The election was held on Tuesday, November 7, and the ordinance was not published in any issue of the paper after November 2. The case of Woodward v. Collett was distinguished, and it was held that the publication did not satisfy the statute. In the course of the opinion (Hatfield Case, supra), it was said:

"It will be noticed, however, that section 3069 of the Kentucky Statutes now under consideration requires the notice to be published 'for' at least two weeks; that those two weeks must just precede the election; and that the notices must be published in the official newspaper of the city. These specifications clearly take cases arising under section 3069 out of the general rule above referred to which holds that, ordinarily, a single insertion of the notice will satisfy a statute which simply requires the notice to be published a given number of days. * * *

"In the case at bar the statute goes further and requires much more than is usually required in the way of publication. It requires that the notice shall be published (1) 'for at least two weeks'; (2) that this period of publication must be the two weeks just preceding the election; and (3) it must be in the official newspaper selected by the city. As heretofore shown, these provisions are mandatory and must be substantially complied with; that cannot be ignored. In those cases holding that more than one publication is necessary, it has generally been held that a requirement of this character means that the notices shall be published continuously during the period mentioned, and not that the notices shall appear on each of a number of days equaling the number specified. Accordingly the notices appearing in every issue of a daily newspaper during this prescribed period is sufficient. Etie v. Cade, 4 La. 383. If no paper is published upon some of the days, as is customary in certain localities with respect to Monday and holidays, the notice is not invalidated thereby. * * *

"Our conclusion is, that the statute calls for a continuous publication of the notice in every issue of the official newspaper published during the prescribed period, except those published on Sundays.

"In view of the purpose of the publication we think this rule is a reasonable application of the statute to everyday affairs. The citizen knows, or is presumed to know, the official newspaper of his residence, and to that he has the right to look for information concerning public affairs. And when the statute requires an official notice to be published for at least two weeks just preceding an election in

the official newspaper, he naturally expects to see it in every issue of the paper during the prescribed period. If the official paper is a weekly paper, he knows the notice can appear only once a week; and if it be a daily paper he has the right to assume, under the strict requirement of our statute, that the notice will likewise appear in every issue.''

In Katterjohn v. Kelly, 191 Ky. 238, 230 S. W. 50, the same provision of section 3069 of the Statutes was before the court for construction, and the construction adopted in the case of Hatfield v. City of Covington was approved. To the same effect are King v. Katterjohn, 193 Ky. 359, 236 S. W. 250, and Bryant v. Lang, 197 Ky. 480, 247 S. W. 756.

In City of Corbin v. Joseph Greenspon's Sons Iron & Steel Company, 52 F. (2d) 939, the United States Circuit Court of Appeals, Sixth Circuit, had before it for construction section 3290-35 of the Kentucky Statutes, which provides that, before a city of the third class shall grant a franchise for the distribution of gas in the city, it ''shall first, after advertising same for a period not less than thirty days, in some newspaper published in said city, receive bids therefor publicly, and award same to the highest and best bidder.'' There was no daily newspaper published in Corbin, and an advertisement of the sale was inserted in an issue of a weekly newspaper more than thirty days before the sale. In all the notice of the sale was inserted in four issues of the weekly paper, but not in consecutive issues. The court followed the rule announced in Woodward v. Collett, supra, and held that the publication was a compliance with the statute. The case of Hatfield v. City of Covington was distinguished on the ground that section 3290-35 of the Statutes differed materially from section 3069, in that the former statute did not require that the notice should be published for a specified time ''just preceding the day of sale,'' nor did it require that it be published in the official newspaper of the city.

The statute before us is almost identical with the statute involved in the Hatfield Case, which provided for publication ''for at least two weeks just preceding the election in the official newspaper in and for such city.'' It evidently was the intention of the Legislature to require a continuous publication of the tax sale no-

tices for at least ten days before the day of sale. The Hatfield decision was delivered on October 12, 1917. The provision of section 3187 of the Statutes relative to publishing the tax lists and notices then read:

> "This list and notice shall be published for at least two weeks in the city's official paper."

Section 3187, Kentucky Statutes, Carroll's 1915 Edition. The statute in its present form is the result of an amendment enacted by the Legislature at its 1918 session. Acts of 1918, c. 111, p. 462. Thus the provision in its present form was adopted in the light of the construction by this court in the Hatfield Case of similar language used in another statute. The Hatfield Case is controlling here, and we conclude that the statute calls for an insertion of the list and notice in every issue of the official newspaper published during the prescribed period except those published on Sunday. We have reached this conclusion reluctantly, since the statute as construed places considerable burdens both on the city and the delinquent taxpayers, but, having ascertained the intention of the Legislature, it is not within our province to substitute the opinion of this court for that of the Legislature.

Judgment affirmed.