## City of Ashland v. Stevens et al.

(Decided June 4, 1935.)

R. CAMPBELL VAN SANT and H. V. FORSYTH for appellant.
FRANK C. MALIN for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

Ashland, a city of the second class, brought this action in equity to enfoice a lien for delinquent taxes on property owned by Lizzie Stevens. Taxes due in the years 1929, 1930, 1931, and 1932 were not paid and became delinquent on November 1 of each year. Subsequent to November 1 of each year the city advertised the property for sale, and in each instance became the purchaser at the sale for the amount of the annual taxes, plus 10 per cent. penalty, 6 per cent. interest to the date of sale, and $2, the cost of the sale. These facts were alleged in the petition, and it was further alleged that the property had not been redeemed and no part of the indebtedness had been paid and that the city had a lien superior to all others on the property for the payment of the sums paid for the property each year, together with an added penalty of 10 per cent. on the purchase price and interest at the rate of 12 per cent. per annum until paid. The suit was brought pursuant to section 3187d of the Kentucky Statutes, a part of the charter of cities of the second class, which provides that:

"When any property has been sold for taxes as provided in this act, the purchaser may, at any time thereafter, institute an action in equity against the owners of said property, and shall be entitled to recover judgment for the amount of the purchase money, with interest and penalty thereon, as provided in sec. 3187b, and the costs of the action, and to have the property sold for the payment of same. In such action the plaintiff may file a copy of his certificate of purchase attested by the treasurer under the seal of the city, and the same shall be prima facie evidence of the due and regular assessment of said property for taxation, the levy of taxes thereon, the sale of said property to the purchaser and of every other fact necessary to entitle him to the relief sought, though said relief be against a non-resident or person under disability."

Frank Ross, trustee, and the Home & Savings Building Association had liens upon the Stevens property, and they were made defendants. The Home & Savings Building Association filed an answer and cross-petition, in which it denied that the plaintiff had a lien to secure it in the payment of any amount for any of the years except the amount of the original tax bill, plus

10 per cent. penalty and 6 per cent. interest thereon, and it offered to confess judgment for a lien on the Stevens real estate in favor of the city prior and superior to its lien against the property for the amount of the original tax bill for each of said years, together with 10 per cent. penalty thereon and interest thereon at the rate of 6 per cent. per annum from November 1 of each year and the costs incurred by the plaintiff prior to the filing of the answer and cross-petition. In the second paragraph of the answer and cross-petition it alleged that each of the four sales of the property for taxes was void because the city had failed in each instance to publish the notice of sale for ten days just preceding the date of the sale as required by section 3187 of the Statutes, and that therefore the city had no right to add to the tax bill the cost of sale, the additional 10 per cent. of the amount of its bid as penalty, and interest at the rate of 1 per cent. a month from the date of sale.

A demurrer to the second paragraph of the answer and cross-petition was overruled, and by agreement of the parties the affirmative allegations therein were traversed of record. The case was submitted upon the pleadings and the following agreed stipulation:

"It is agreed between the plaintiff, City of Ashland, Kentucky, and the defendant, The Home and Savings Building Association, as follows:

"1. That the amount of taxes assessed against the property described in the petition for the year 1929, is $20.51; for the year 1930 is $45.42; for the year 1931 is $37.30; for the year 1932 is $33.90; and that the amount of taxes for each of said years was due on November 1 of said year.

"2. That the City of Ashland, Kentucky, advertised said property for sale within the time prescribed by law for said taxes for each of said years, and that it bid for the property at each of said sales the amount of the taxes and the cost of the sale; and that the notice of sale was published in the Ashland Daily Independent of Ashland, Kentucky, but in no instance was said notice published more than three days, at least one of said publications being at least ten days before the date of sale."

The court adjudged that the city had a prior and

superior lien on the Stevens property to secure the payment of taxes due and payable for each of the years and 10 per cent. penalty thereon, with interest on such purchase sum and penalty at the rate of 6 per cent. per annum from November 1 of the respective years. The city has appealed, insisting that it was entitled to a judgment for the added penalty of 10 per cent. of the amount bid at the tax sale which included the cost of sale, and interest thereon at the rate of 1 per cent. a month.

It is conceded that each of the tax sales was invalid, in view of the construction of section 3187 of the Statutes in City of Paducah v. Paducah Newspapers, 249 Ky. 401, 60 S. W. (2d) 981. In that case it was held that the statute required notice of sale of realty for delinquent taxes in cities of the second class to be published continuously for at least ten consecutive days immediately prior to the day of sale, Sundays excluded, in the official newspaper of the city. The statute was not complied with in the instant case, and the sale, therefore, was void.

Appellant insists that its recovery is not limited to the amount of the original tax, plus a penalty of 10 per cent. and interest at the rate of 6 per cent. thereon, but that it is entitled to recover the full amount of its purchase price, which includes the cost of the sale, and an additional penalty of 10 per cent. and interest at the rate of 1 per cent. per month from the date of the sale. It is its contention that such a recovery is authorized by section 3187d, from which we have heretofore quoted, but that, if it is mistaken in its construction of that section, section 4036 of the Statutes applies and authorizes recovery of the amount of taxes and costs paid by the purchaser at a tax sale with 6 per cent. interest thereon. Section 4036 of the Kentucky Statutes, 1934 Supplement, reads:

> "Whenever any person shall purchase property sold for delinquent taxes, and the sale shall be set aside because of any irregularity, except where owner has paid his taxes and has receipt for same, the purchaser shall have a lien on the property for the amount of taxes and cost paid by him, and for which the property is liable, with legal interest from the time of such employment which may be

recovered from the owner of the property or person owning the same. Such lien may be enforced against such property by action as are other liens at any time after the invalid sale but prior to the expiration of the lien by reason of limitation, whether the purchaser be the Commonwealth of Kentucky and other taxing districts or any other person, firm or corporation.''

This section applies to sales at which real estate is purchased by the city as well as to sales to others. The purchaser can recover only the amount paid by him with 6 per cent. interest from the time of payment.

Here the city paid the amount of the tax bill, plus 10 per cent. penalty, 6 per cent. interest from November 1 each year to the date of sale, and $2, the cost of the sale, and this is the amount it is entitled to recover. It is insisted on behalf of the city that section 3187d of the Statutes authorizes, in addition to this, a recovery of interest and penalty on the purchase money as provided in section 3187b, which reads:

"The owner, other than persons under disability, of any real estate sold for taxes, his heirs, representatives or assigns, shall have the right to redeem the same from the purchaser thereof, whether it be the city or other person, at any time within two years from the day of the sale by paying to the city treasurer the amount of the purchase price at said sale with interest thereon at the rate of one per centum [1%] per month, or fraction thereof, from the day of sale until paid, and in addition thereto, a penalty of ten per centum [10%] upon said purchase price.''

Section 3187d, however, necessarily contemplates a valid sale, and, unless the sale was valid, the purchaser cannot recover the additional interest and penalty provided by section 3187b.

Section 4036 applies to invalid sales, and specifically limits recovery to the amount paid by the purchaser, with interest thereon.

Section 4151-2 of the Statutes, as amended by Acts 1932, c. 142, gives to the owner of real estate sold for delinquent state, county, and district taxes the right to redeem same from the state, county, and district, or any

other purchaser at any time within two years after the day of sale by paying the purchase money, with interest at the rate of 10 per centum per annum, and, in addition, 15 per centum penalty upon the total amount of the purchase price, and the amount of all costs.

In construing this section in connection with section 4036 in Shawler v. Carter, 221 Ky. 248, 298 S. W. 714, it was held that a purchaser at an invalid sale could recover only the amount paid by him with interest thereon from the date of payment.

We conclude that the circuit court correctly adjudged that the city was not entitled to recover the additional penalty and interest provided by section 3187b, and in this respect the judgment is affirmed. However, the court erroneously failed to include in the recovery to which the city was entitled the item of $2, the cost of the sale in each instance, and which was included in the purchase price. To this extent the judgment is reversed.