## City of Richmond v. Goodloe et al.

May 16, 1941.

380

George C. Robbins for appellant.

Carl Eversole and Axel Ernberg for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing in part and affirming in part.

On February 10, 1938, the City of Richmond (a city of the fourth class) filed this action in the Madison Circuit Court against George W. Goodloe and others seeking to have liens for taxes, interest and penalty in the aggregate sum of $3,303.36 for the years 1932 to 1937, inclusive, adjudged it against several pieces of real estate owned by defendants and located in the city.

The chancellor adjudged the statute of limitations barred the collection of $58.70 in taxes due for the year 1932. He further adjudged there was no valid ordinance providing 6% interest and 10% penalty on the taxes in arrears, then adjudged the city tax liens for the years 1934 to 1936, inclusive, in the aggregate sum of $1,321.74 with 6% interest from the date of the judgment, against certain real estate of George W. Goodloe. He also adjudged the city a lien in the sum of $515.25 for taxes for the year 1936 with 6% interest from the date of judgment and 10% penalty from August 7, 1937, against property owned by Jane Goodloe. The city appeals from so much of the judgment as denied it recovery for the $58.70, and its denied claim for interest and penalty and redemption fees; and Jane Goodloe prosecutes a cross-appeal.

It is argued by the city that the chancellor erred in holding that the item of $58.70 with 6% interest from February 1, 1938, representing a balance due on taxes

for 1932, was barred by the five-year statute of limitations (Section 2515, Kentucky Statutes), and in refusing to allow it 10% penalty and 6% interest on delinquent taxes, and in further refusing to allow the redemption fee of 10% per annum and an additional 15% penalty upon the total amount for which the property was sold in August of each year. The defendant taxpayers contend that the 1932 taxes is barred by the five-year statute of limitations; that the ordinances imposing the interest and penalty were not properly passed by a yea and nay vote as required by Section 3489, Kentucky Statutes; and that no redemption fee can be collected in an action to enforce a lien for delinquent taxes, nor can any penalty be collected, which is not included in the ordinance levying the tax.

The petition alleges that the real estate was sold to enforce the collection of delinquent taxes for each of the several years in question and the city became the purchaser at all of such sales and it has liens on the properties which it seeks to enforce. Although the city did not allege the several tax sales were invalid and did not ask same to be so declared and it to be adjudged a lien by reason of the invalidity of the sales, yet the defendants in their answers averred these sales were invalid for the reason that they had ample personal property out of which the taxes could have been made, and the city was compelled to exhaust their personal property before it could collect the taxes from their real estate. The proof adduced supported this defense.

The chancellor did not expressly hold the tax sales invalid, but in adjudging the city liens for its taxes by implication he held the sales were invalid, otherwise there was no basis for his adjudging the city liens on the properties it had purchased at the tax sales. Section 4036, Kentucky Statutes, provides that where a sale for delinquent taxes is set aside because of any irregularity (except where the owner has paid his taxes and has a receipt for same), the purchaser at the invalid sale has a lien on the property for the amount of taxes and cost paid by him for which the property is liable with legal interest. Such lien may be enforced as are other liens at any time after the invalid sale but prior to the expiration of the lien by reason of limitation whether the purchaser be the Commonwealth, other taxing districts, or any other person, as was held in City of Ashland v. Stevens, 259 Ky. 797, 83 S. W. (2d) 516.

At the time the various sales of the real estate were made by the city in an effort to collect its taxes, the record shows that the defendants owned a considerable amount of personal property located in the city out of which the taxes could have been made without resorting to their real estate. Section 3544a-2, Kentucky Statutes, provides that the personal property of the delinquent taxpayer, if found in the city, will be distrained to satisfy all taxes interest and penalty; and the following Section 3544a-3 is to the effect that if a sufficient amount of personal property be not found out of which to satisfy the taxes, the collector will levy upon the delinquent's real estate. In Allin v. City of Harrodsburg, 247 Ky. 360, 57 S. W. (2d) 45, we construed these sections as mandatorily requiring the city collector to exhaust the personal property of the delinquent before proceeding against his real estate in satisfaction of the taxes.

Therefore, we hold that the tax sales were void because the city did not first exhaust the personal property of the defendants before selling their real estate in the collection of these taxes. But the failure of the city to distrain the personal property of the defendants did not defeat its liens against the property for taxes duly levied and assessed against it. Taylor v. City of LaGrange, 262 Ky. 383, 90 S. W. (2d) 357.

Defendants argue that the item of $58.70 representing 1932 taxes is barred by the five-year statute of limitation (Section 2515) since this item became in arrears of November 1, 1932, and suit was not instituted until February 10, 1938. They rely upon Section 4021, Kentucky Statutes, which reads:

"The Commonwealth, and each county, incorporated city, town or taxing district, shall have a lien on the property assessed for the taxes due them respectively (for five years) which shall not be defeated by gift, devise, sale, alienation, or any means whatever, unless the gift, devise, sale or alienation shall have been made for more than five years before the institution of proceedings to enforce the lien, and nothing shall be exempt from levy and sale for taxes and cost incident to the sale. * * *"

In Kentucky Lands Investment Co. v. Towery, 146 Ky. 537, 142 S. W. 1071, it was held the purchaser at an invalid tax sale is entitled to a lien on the land for the taxes due which he paid, and his cause of action accrues

on his lien when the sale is held to be invalid. As this sale was not declared invalid prior to this litigation, it follows this item for taxes for the year 1932 was not barred by the statute of limitation. See, also, Com. v. Union Labor Temple, 279 Ky. 692, 131 S. W. (2d) 843.

As the sales were invalid, the city must enforce its lien under Section 4036 which gives the purchaser a lien for the amount of taxes and cost paid by it with legal interest. The ordinances levying the taxes for each of the years involved included a penalty of 10% and interest at the rate of 6% per annum. But in addition to this interest and penalty, the city is seeking to recover a redemption fee of 10% and then a 15% penalty on the total taxes. All the city is entitled to recover under Section 4036 is the amount it paid for tax bills, plus 10% penalty with 6% interest from November 1, of each year and the cost of the sales, such as advertising, recording its liens, etc. It is not entitled to redemption fees or to any other penalties or interest, as Section 4036 specifically limits recovery to the amount paid by the purchaser with interest thereon. City of Ashland v. Stevens, 259 Ky. 797, 83 S. W. (2d) 516. We will not attempt to determine from the record the amounts of the city's liens on the various pieces of property, but they can be computed by anyone the parties may agree upon, or by someone named by the chancellor.

Section 3544a-1, Kentucky Statutes, authorizes the council of fourth class cities by ordinance to impose penalties not exceeding 25 % to expedite the collection of city taxes, Board of Education of Jackson v. Hatton, 253 Ky. 828, 70 S. W. (2d) 923. The defendants contend that the city ordinances imposing the penalty and interest on the taxes in question were not passed by yea and nay votes recorded in a journal of proceedings as is required by Section 3489. The city is subject to criticism for the unsystematic, indifferent and inefficient manner in which it keeps its records. Photostatic copies of the pages of the city's journal wherein the vote was taken on the tax ordinance for the years in question appear in the record. The same procedure appears to have been followed each year and we will not discuss the passing of the tax ordinances for each of the years involved, but only for the year 1935.

The minutes of the meeting held on May 2, 1935, read:

"Upon motion of Asbell seconded by Colyer a tax levy of $2.19 on each $100 worth of taxable property real and personal is assessed for the year 1935. Vote was taken and resulted Ayes, Shearer, Colyer, Asbell, White, Moody. Noes—None. Motion."

Just above the quoted minutes appears a newspaper clipping showing the heading "An Ordinance"; directly under this in smaller print appears another heading, "Tax Levy, 1935"; then follows the ordinance in regular form which duly levied the tax in conformity with the minutes. The ordinance included a penalty of 10%, also interest at the rate of 6% per annum to be added to and collected on all taxes unpaid after November 1, 1935. The ordinance ends with the names of the Mayor and City Clerk being printed in bold type, followed by the date May 3, 1935. Then directly under the newspaper clipping, but separate therefrom, and to the right appears what purports to be the signature of the Mayor, and to the left, the signature of the City Clerk. In other instances the newspaper clipping of the ordinance does not appear on the same page as the minutes showing the yea and nay votes, but reference is made on the pages where the minutes appear to the page on which the newspaper clipping of the ordinance may be found.

In Harrison v. City of Greenville, 146 Ky. 96, 142 S. W. 219, the ordinance was in regular form but the original record was there made by pasting a newspaper advertisement in the minute book before it was signed at a subsequent meeting of the council. It was there said the same procedure had been approved in Martin v. City of Greenville, 145 Ky. 649, 140 S. W. 1043, and that in the absence of a statutory requirement, the ordinance as adopted in this manner is incorporated into the minutes of the council's proceedings just the same as if it had been spread on the minute book in the usual manner. In Orr v. Mann, 208 Ky. 46, 270 S. W. 491, it appears that an ordinance was recorded several pages back from the one on which the minutes appeared and we held this did not invalidate the ordinance. This court has on several occasions stated that the same exactness is not required of small cities in keeping their records as is required of a court. Baker v. Combs, 194 Ky. 260, 239 S. W. 56; Citizens National Bank & Trust Co. v. Town of Loyall, 262 Ky. 39, 88 S. W. (2d) 952, and cases therein cited.

Defendants put much faith in Spalding v. City of Lebanon, 156 Ky. 37, 160 S. W. 751, 49 L. R. A., N. S., 387, but there the journal of the council contained only the ordinance and there was no record of any vote and the yeas and nays were not recorded in the journal, and we held that parol evidence could not supply the record. In the instant case, there is a yea and nay vote recorded in the journal on each tax ordinance, which record shows the page where the ordinance passed by such vote may be found, and the fact that the journal was not kept in an orderly or systematic manner is not a failure to comply with Section 3489.

That part of the judgment from which the cross-appeal is prosecuted allowing the city the penalty and interest included in the ordinance, but refusing to allow it 15% for redemption, is correct, therefore the judgment on the cross-appeal is affirmed. On the appeal the judgment is reversed, with directions to enter one in conformity with this opinion.