**LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT, Appellant,**

v.

**Willie ABNEY, Barbara Kirkpatrick, Kenneth McCoy, Wanda Moore, Joe Neal, Jack Strange and Russell Ware, Appellees.**

No. 87–CA–918–DG.

Court of Appeals of Kentucky.

April 1, 1988.

Chris Westover, Corporate Counsel, Edward W. Gardner, Director of Litigation, Dept. of Law, Lexington, for appellant.

John L. Cox, Jr., Stanton, for appellees.

Before HOWERTON, C.J., and HOWARD and WEST, JJ.

HOWERTON, Chief Judge.

We granted discretionary review in this case to decide, (1) whether the five-year statute of limitations applicable to actions for recovery of delinquent occupational license taxes begins to run on December 31 of a given tax year or on April 15 of the ensuing year which is the due date of the return, and (2) whether the Lexington–Fayette Urban County Government (LFUCG) is entitled to recover a penalty and interest on adjudged delinquent occupational license fees as allowed by ordinance. We conclude that the statute of limitations commences to run the day after April 15 when the tax becomes delinquent and that penalties and interest should be awarded on the principal sums of the delinquent taxes as provided by ordinance.

LFUCG brought suit in the Powell District Court to recover unpaid occupational license fees for various years from seven employees of the Lexington Signal Depot located in Fayette County, Kentucky. Willie Abney was sued for failure to pay occupational license fees for 1977 and 1978; Barbara Kirkpatrick for failure to pay occupational license fees in 1976; Kenneth McCoy for 1975, 1976 and 1977; Wanda Moore for 1975, 1976 and 1977; Joe Neal for 1975, 1976 and 1977; Jack Strange for 1976 and 1977; and Russell Ware for 1976 and 1977.

LFUCG was granted judgment against each of the employees except for certain years which the district court concluded were barred by the five-year statute of limitations provision provided in KRS 413.-120. The court determined that the statute of limitations commenced on December 31 of the given tax year. LFUCG was denied judgment against Abney for 1977 occupational license fees because its complaint was filed on January 24, 1983. It was denied judgment against McCoy, Neal, Ware and Moore for 1975 fees since its complaint was filed on April 14, 1981. Strange and Kirkpatrick were not liable for 1976 fees since LFUCG filed its complaint on March 15, 1982.

LFUCG sought penalties and interest on the principal delinquent sums, pursuant to section 13–12 of the Lexington–Fayette Urban County Government Code of Ordinances which establishes a penalty charge of one and one-half percent of the amount of the unpaid license fee for each month it

remains unpaid, and interest at the rate of six percent per annum. However, the district court denied recovery of interest and penalties. Post-judgment interest at the rate of 12 percent per annum was awarded to LFUCG in a final amended judgment entered on August 29, 1983.

LFUCG appealed the final judgment to the Powell Circuit Court which affirmed. We granted discretionary review.

KRS 92.280 authorizes the imposition of license fees on trades, occupations and professions by LFUCG. Section 13–4 of the Lexington–Fayette Urban County Government Code of Ordinances establishes a two percent tax on all salaries, wages, commission and other compensations earned by every person in the Lexington–Fayette urban county for work or services rendered in the urban county and on the net profits of all business, professions or occupations from activities conducted in the urban county.

Section 13–8 of the Code of Ordinances states that each person subject to a license fee shall make payment and file a return with the commissioner of finance on or before the fifteenth day of the fourth month following the close of each year. Hence, license fees are not due until April 15 of the year following the year in which the wages were earned, although they are payable prior to that date.

Neither the enabling statute nor the ordinances declare a time limitation for an action to collect delinquent occupational license fees. It is undisputed that the applicable statute of limitations is KRS 413.120 which provides a five-year limitations period for an action upon a liability created by statute, when no other time is fixed by the statute creating the liability.

The issue we must resolve is when the statute of limitations commences to run. All statutes of limitations begin to run when the relevant cause of action accrues. *Harlan v. Buckley,* 268 Ky. 148, 103 S.W. 2d 946 (1937); *Superior Oil Corp. v. Alcorn,* 242 Ky. 814, 47 S.W.2d 973 (1932). A cause of action accrues when a party has the right and capacity to sue. *Philpot v. Stacy,* Ky., 371 S.W.2d 11 (1963); *Carter v.*

*Harlan Hospital Association,* 265 Ky. 452, 97 S.W.2d 9 (1936).

We are of the opinion that a claim for recovery of unpaid occupational license fees accrues on the day following the due date of the return, when the fee becomes delinquent. *State v. Robertson,* 417 S.W.2d 699 (Mo.App.1967). Although the fee is computed for the calendar year ending on December 31, we are not convinced that LFUCG could bring an action on that day; the reason being that section 13–8 is an integral part of the occupational license tax. It absolutely states that fees are not delinquent provided that they are paid by April 15 of the year after the taxable year. The right and capacity to sue cannot exist until the debt is due and not merely payable. Accordingly, we reverse the circuit court decision as far as it denies LFUCG judgment against Abney for 1977 fees; McCoy, Neal, Ware and Moore for 1975 fees; and Strange and Kirkpatrick for 1976 fees.

Further, regarding the issue of penalties and interest, we find no reason to deny LFUCG the penalties and interest on the unpaid license fees as authorized by section 13–12 of the Code of Ordinances. It is well established that such penalties and interest are a valid method of enforcing tax provisions. *City of Richmond v. Goodloe,* Ky., 287 Ky. 379, 153 S.W.2d 921 (1941). In *City of Louisville v. Fischer Packing Co.,* Ky., 520 S.W.2d 744 (1975), Kentucky's highest court recognized a city's power to assess penalties for failure to timely file an occupational license fee. Finding no reason to deny the penalties and interest on the delinquent sums, we reverse the circuit court's decision denying the same.

The judgment of the Powell Circuit Court is reversed and remanded for proceedings consistent with this opinion.

All concur.